**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eddie David COX, Defendant-Appellant.**

**Nos. 74–1867 and 77–1174.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 14, 1977.

Decided Nov. 30, 1977.

Mary K. Briscoe, Asst. U. S. Atty., Topeka, Kan. (James P. Buchele, U. S. Atty., Topeka, Kan., on the brief), for plaintiff-appellee.

Michael Lerner of Barnett & Lerner, Chartered, Kansas City, Kan., for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Appellant filed a motion for new trial pursuant to Rule 33 of the Rules of Criminal Procedure in which he alleged the presence of newly discovered evidence. There was then pending a motion under 28 U.S.C. § 2255. Both of these motions were denied and are consolidated in the present appeal.

The cause was before this court previously on appeal from the conviction. *See United States v. Cox*, 449 F.2d 679 (10th Cir. 1971), *cert. denied*, 406 U.S. 934, 92 S.Ct. 1783, 32 L.Ed.2d 136. A companion case was decided in the Eighth Circuit, the case of *United States v. Cox*, 462 F.2d 1293 (8th Cir. 1972), *cert. denied*, 417 U.S. 918, 94 S.Ct. 2623, 41 L.Ed.2d 223. We will refer to both of these decisions in the present opinion.

The appellant is now serving a 20-year sentence for bank robbery growing out of the case that was tried in the United States District Court for the District of Kansas and reviewed here. Evidence in that case was obtained from a wiretap which was formally authorized by the United States District Court for the Western District of Missouri in connection with a narcotics investigation. In the course of that wiretap it was learned that there was an impending bank robbery of a Kansas City, Kansas bank. Subsequently, the United States made a request for ancillary use of the wiretap evidence in the bank robbery trial.

### I.

Appellant first objects to the ancillary use of the wiretap evidence.

18 U.S.C. § 2517(5) provides that when, during an authorized wiretap, communications relating to crimes other than those specified in the authorization are intercepted, such evidence may be used in criminal or grand jury proceedings when authorized by a judge who finds "on subsequent application that the contents were otherwise intercepted in accordance with the provisions of this chapter." Such application is to be made "as soon as practicable."

It is now contended that the district court's denial of the § 2255 motion predicated on the disclosure of some of the wiretap evidence to the grand jury prior to authorization by a judge for use of this evidence was error. The argument is that

the timing is at variance with the statutory requirement "as soon as practicable." This contention was not raised in the appeal of the conviction herein. In fact, we noted in our opinion that the issue of timeliness of the application was not raised. *See* 449 F.2d at 681.

*Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973) held that even a constitutional challenge to grand jury proceedings is waived under Fed.R. Crim.Proc. 12(b)(2) if not raised before trial, and cannot then later be raised on a § 2255 motion. *United States v. Rabstein*, 554 F.2d 190 (5th Cir. 1977) said specifically that a claim that evidence had been introduced before the grand jury in violation of § 2517(5) was waived if not raised before trial. Thus Cox cannot raise these matters now. Section 2255 is not available to test the legality of matters which should have been raised on appeal. *Porth v. Templar*, 453 F.2d 330 (10th Cir. 1971).

## II.

The next argument is that the district court erred in refusing to grant relief as a result of the government's failure to minimize interceptions in the wiretap in accordance with 18 U.S.C. § 2518(5). The trial court noted that the Eighth Circuit had considered this question on appeal and had resolved it contrary to the contention of Cox. It agreed with the decision of the Eighth Circuit that there was no failure here to minimize.

However, appellant argues that there has been a change in the law since the affirmance by the Eighth Circuit of Cox's conviction there. He points to *United States v. Losing*, 539 F.2d 1174 (8th Cir. 1976), in which the Eighth Circuit remanded for an evidentiary hearing on the issue of minimization.

Appellant also relies on *United States v. Giordano*, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974), wherein the Supreme Court said:

We think Congress intended to require suppression where there is failure to satisfy any of those statutory require-

ments that directly and substantially implement the congressional intention to limit the use of intercept procedures to those situations clearly calling for the employment of this extraordinary investigative device. *Id.* at 527, 94 S.Ct. at 1832.

In the Eighth Circuit *Cox* case, *United States v. Cox, supra*, it was concluded that the minimization requirement was "a command to limit surveillance as much as possible under the circumstances." *Id.* at 1300. The Eighth Circuit also held that minimization is to be considered on a case by case basis and said that when:

the investigation is of an organized criminal conspiracy conversing in a colloquial code, surveillance of most of the telephone calls made during several days does not constitute a failure to minimize

. . . . .

The nature and character of the conversations which were monitored were considered significant. The Eighth Circuit recognized that there was extensive eavesdropping, but the great caution of the district court judge in originally authorizing and supervising the wiretapping was also noted, and the court said that a holding of overbreadth of the wiretapping would render it impossible to use electronic surveillance to investigate organized crime. Also, the court concluded that the failure to minimize would not invariably compel suppression of evidence which was clearly within the scope of the order.

We have examined *United States v. Scully*, 546 F.2d 255 (9th Cir. 1976), *vacated on other grounds*, 430 U.S. 902, 97 S.Ct. 1168, 51 L.Ed.2d 578 (1977), and *United States v. Giordano, supra*. We have also considered *United States v. Losing*, 539 F.2d 1174 (8th Cir. 1976). In our view it is not contra to the *Cox* decision. The facts in these cases are markedly different from those in the case at bar. The Eighth Circuit carefully considered the minimization issue in the *Cox* narcotics case and there has been no significant change in the law since that decision was rendered. No evidence has been presented in the present proceedings

which would justify an independent evaluation of the issue of minimization.

Finally, we noted in the opinion written in connection with the *Cox* appeal in this Circuit, *see U. S. v. Cox,* 449 F.2d at 687, that in enacting the statute as a part of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–20, Congress was considering problems of great complexity and was seeking to treat them in a reasonable manner. An overly restrictive interpretation of the minimization requirement could make it impossible to use this device in connection with the investigation of organized criminal conspiracies.

### III.

▪ We have considered the further contention of appellant that he was not named in the original wiretap application. We are of the opinion that this contention is without merit. *See United States v. Donovan,* 429 U.S. 413, 97 S.Ct. 658, 50 L.Ed.2d 652 (1977).

\*       \*       \*       \*       \*       \*

▪ It is further argued by appellant that the government was required to obtain a separate order authorizing the use of a pen register in conjunction with the wiretap authorization. The pen register is a device which records the numbers dialed from a particular phone, but does not intercept any actual conversations. The cases hold that a separate order is not necessary when a pen register is used along with an authorized wiretap. *U. S. v. Falcone,* 505 F.2d 478 (3d Cir. 1974), *cert. denied,* 420 U.S. 955, 95 S.Ct. 1338, 43 L.Ed.2d 432 (1975); *U. S. v. Iannelli,* 430 F.Supp. 151 (W.D.Pa.1977).

▪ We have also considered the contention that the attorney general must approve applications for ancillary use of wiretap evidence under 18 U.S.C. § 2517(5). We conclude, however, that the ruling of the district court that the attorney general's approval of ancillary orders was unnecessary under the statute is a proper ruling.

The judgment of the district court is affirmed.