992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard WOODY, Defendant-Appellant.
 No. 92-2280.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Woody, a federal inmate and pro se litigator, appeals the denial of relief requested in his 28 U.S.C. § 2255 motion.
 
 
 3
 On March 18, 1987, Mr. Woody raped a woman at his home on an Indian reservation. He subsequently pled guilty to committing the crime of sexual abuse on an Indian Reservation in violation of 18 U.S.C. §§ 1153 and 2242(1), for which he received a seven-year sentence. Because the Sentencing Guidelines were not yet in effect at the time of the offense, the court had discretion to impose a sentence below the statutory maximum of twenty years under 18 U.S.C. § 2242(1).
 
 
 4
 In 1992, Mr. Woody filed a § 2255 motion attacking the legality of his sentence. Mr. Woody's presentence report reflected two DWI misdemeanor convictions. Because Mr. Woody was allegedly not represented by counsel at these convictions, he asserts it was violative of the Sixth Amendment for the sentencing court to rely on these convictions. Apparently, Mr. Woody assumes he would have received a lesser sentence without the consideration of these misdemeanors. He further alleges that the sentencing court did not comply with Fed.R.Crim.P. 32(c)(3)(D), which requires the court to make a finding as to whether it relied on any controverted allegations in the presentence report.[1]
 
 
 5
 The district court dismissed Mr. Woody's petition holding that collateral review under § 2255 of an issue is barred when the petitioner fails to raise the issue on direct appeal unless the petitioner can show cause. We review the district court's disposition of a § 2255 petition for abuse of discretion. See United States v. Barboa, 777 F.2d 1420, 1422 n. 2 (10th Cir.1985). Because the district court correctly applied the proper analysis in dismissing the petition, we find no such abuse of discretion.
 
 
 6
 Mr. Woody's failure to contest errors in his presentence report prior to sentencing or to directly appeal his sentence precludes him from receiving any relief under § 2255. "Section 2255 is not available to test the legality of matters which should have been raised on appeal." United States v. Cox, 567 F.2d 930, 932 (10th Cir.1977), cert. denied, 435 U.S. 927 (1978). When such claims are not raised on direct appeal the petitioner must show both cause and prejudice from an alleged constitutional violation before the court will consider the petition. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Mr. Woody was aware of the contents of the presentence report and could easily have informed the sentencing court that he was uncounseled during his two prior misdemeanor convictions. Instead, Mr. Woody apparently decided it was in his best interest to remain silent when queried by the court. Thus, Mr. Woody does not allege any facts sufficient to show cause as to why the claims were not raised on appeal.
 
 
 7
 Additionally, Mr. Woody perceives a change in the relevant law subsequent to his conviction justifies his original failure to appeal. We echo the district court's finding that there has been no change in the applicable law as it has always been inappropriate to consider constitutionally infirm convictions in sentencing. See Burgett v. Texas, 389 U.S. 109, 114-15 (1967). Consequently, Mr. Woody cannot show cause through a change in applicable law.
 
 
 8
 Further, Mr. Woody can demonstrate no prejudice from the alleged constitutional violations. Because he cannot establish any link demonstrating the effect of the misdemeanors on the actual sentence received, Mr. Woody has alleged no prejudice. Mr. Woody's offense predates the Sentencing Guidelines and related law. Thus, the sentence was solely within the discretion of the sentencing court, as long as the sentence was within the statutory limits. Because the court's decision to sentence Mr. Woody to seven years was purely discretionary, he cannot even show the sentencing court relied upon the prior misdemeanors in sentencing. Since Mr. Woody cannot show the sentencing court's reliance, he certainly cannot demonstrate that he suffered any prejudice from the misdemeanor convictions.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We note that it was unnecessary for the sentencing court to make any findings under Fed.R.Crim.P. 32(c)(3)(D) because Mr. Woody did not challenge anything in the report. At sentencing, petitioner's counsel stated he had reviewed the report with Mr. Woody and had found no problems with it. This circuit has made clear that the duty to bring inaccuracies in the presentence report to the court's attention rests with the defendant. United States v. Rantz, 862 F.2d 808, 814 (10th Cir.), cert. denied, 489 U.S. 1089 (1988)