13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert D. SCOTT, Defendant-Appellant.
 No. 93-3156.
 United States Court of Appeals, Tenth Circuit.
 Nov. 19, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Scott, a federal inmate and pro se litigant, appeals the district court's denial of a Motion to Correct an Illegal Sentence. We exercise jurisdiction and affirm.
 
 
 3
 Mr. Scott was convicted of wilfully conspiring to defraud the United States by impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service in violation of 18 U.S.C.A. Sec. 371 and was sentenced to thirty-three months imprisonment. Mr. Scott appealed and requested this court to dismiss his appeal, which was done. Mr. Scott then filed his petition to correct an illegal sentence which the district court denied.[1] Mr. Scott appeals.
 
 
 4
 We need not delve deeply into the underlying facts as they are basically undisputed. Mr. Scott's conviction grew from his participation in a conspiracy to market and sell trust instruments utilizing sham transactions which would enable the purchaser to avoid the payment of income tax. It should be noted the underlying conduct contained elements of both tax evasion and fraud and false statements.
 
 
 5
 The essence of Mr. Scott's argument is the sentencing court erroneously looked to his underlying conduct in applying the Sentencing Guidelines. Mr. Scott contends the sentencing court should have looked only at his conviction. Mr. Scott is wrong as his argument is not supported by the plain language of the Guidelines.
 
 
 6
 The Guidelines explicitly deal with Mr. Scott's offense of conviction. See U.S.S.G. Sec. 2T1.9 (Nov. 1991). The district court wrote its Memorandum and Order carefully and thoroughly explaining the plain language of the applicable Guideline section. The sentencing court meticulously followed the clear and unambiguous language of the applicable Guideline sections.
 
 
 7
 It would serve no purpose to reiterate either the language contained in the Guidelines or the sentencing court's iteration.
 
 
 8
 The sentence imposed by the district court is AFFIRMED for substantially the same reasons given by the district court in its Memorandum and Order dated March 11, 1993, a copy of which is attached.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 DISTRICT OF KANSAS
 
 9
 United States of America, Plaintiff,
 
 
 10
 v.
 
 
 11
 Alex Yung, et al., Defendants.
 
 
 12
 March 11, 1993.
 
 MEMORANDUM AND ORDER
 
 13
 Defendants Alex Yung and Robert Dale Scott filed identical motions in this case entitled Petition for Writ of Habeas Corpus for Incorrect Application of Sentencing Guidelines (Docs. # 653 and 665). These motions attack the sentences imposed by the court in this case on the grounds that the sentencing guidelines were incorrectly applied, and are treated as motions attacking sentence under 28 U.S.C. Sec. 2255. Defendants Yung and Scott were convicted of willfully conspiring to defraud the United States by impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service in violation of 18 U.S.C. Sec. 371. In their motions, Yung and Scott contend that the court incorrectly applied the Sentencing Guidelines and thereby imposed illegal sentences. For the reasons set forth below, the motions of defendants Yung and Scott are denied.
 
 
 14
 As a preliminary matter, the court notes that defendant Yung failed to make any objection prior to or at the time of sentencing on the issues raised by his motion, and defendant Scott's objections to the presentence report only tangentially included the specific issues raised in his motion. Normally, failure to alert the trial court of an error precludes later review of that same issue. See United States v. Frederick, 897 F.2d 490, 494 (10th Cir.1990; United States v. Rios-Ramirez, 929 F.2d 563, 566 (10th Cir.1991). However, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed.R.Crim.P. 52(b).
 
 
 15
 The court finds that in this instance defendants are not precluded from review of the issues raised in their motions due to their failure to assert those issues prior to sentencing. In their motions, defendants argue that the court misapplied various provisions of the sentencing guidelines. A sentence imposed based on an erroneous interpretation of the law constitutes plain error. See United States v. Saucedo, 950 F.2d 1508, 1516 (10th Cir.1991). Defendants argue in their motions that the court entered a sentence which was not authorized by law. If indeed such an error occurred, it would constitute plain error, and defendants therefore did not waive their right to a review of these issues by failing to object prior to sentencing. Id.
 
 
 16
 Defendants' first argument is that the court should have applied Sentencing Guidelines Section 2X1.1, the guideline for attempts and conspiracies, instead of Section 2T1.9. The court finds no merit to this argument. The court applied Section 2T1.9 in accordance with Sentencing Guidelines Section 1B1.2 and the corresponding application notes, which provide that in determining the applicable offense guideline section, one must first start with the index of statutes in Appendix A and when a statute proscribes a variety of conduct covered by more than one offense level section, the court must apply the most appropriate section. Appendix A lists four guideline sections for convictions under 18 U.S.C. Sec. 371. Of these, the court finds Section 2T1.9 to be specifically and exclusively applicable, as it applies to a "Conspiracy to Impair, Impede or Defeat Tax," which is the offense of conviction in this case.
 
 
 17
 In their second argument, defendants question whether the court applied the provisions of Section 2T1.9 in a correct manner. Specifically, defendants question: (1) whether the court, in determining defendants' base offense levels under Section 2T1.9, had the right to refer to Sections 2T1.1 and/or 2T1.3, when defendants had been neither charged nor convicted of the tax crimes defined under 26 U.S.C. Sec. 7201 and 26 U.S.C. Sec. 7206; (2) whether the court's failure to specify whether it was relying on Section 2T1.1 or Section 2T1.3 constituted error; and (3) whether the court erred in sentencing defendants to greater than three years when Section 2T1.3 provides for a three year maximum sentence.
 
 
 18
 The court sentenced defendants pursuant to Section 2T1.9. In calculating the base offense level, that guideline instructs the court to apply the greater of: (1) the offense level determined from Sec. 2T1.1 or Sec. 2T1.3, as applicable; or (2) 10. Section 2T1.1 is entitled "Tax Evasion" and is the relevant guideline for sentencing for convictions under 26 U.S.C. Sec. 7201. Section 2T1.3 is entitled "Fraud and False Statements Under Penalty of Perjury" and is the relevant guideline for sentencing for convictions under 26 U.S.C. Sec. 7206, except Sec. 7206(2). Defendants argue that it was not proper for the court to refer to either of these guidelines in sentencing defendants because defendants had not been charged with or convicted under either 26 U.S.C. Sec. 7201 or Sec. 7206.
 
 
 19
 The court disagrees with the defendants because the applicability of Section 2T1.1 and Section 2T1.3 for calculating the base offense level under Section 2T1.9 is determined by a defendant's underlying conduct, not by whether the defendant was charged with or convicted of a violation of that specific statutory provision. Application Note 2 under Section 2T1.9 provides that "the base offense level is the offense level ... from Sec. 2T1.1 or Sec. 2T1.3 (whichever is applicable to the underlying conduct ), if that offense level is greater than 10. Otherwise, the base offense level is 10." (emphasis added). The application note specifically instructs that the relevant factor to consider in determining whether Section 2T1.1 or Section 2T1.3 is applicable is the underlying "conduct", not the underlying "charge" or the underlying "conviction". It is apparent throughout the Guidelines that the drafters differentiated between conduct and conviction where applicable.[1] Because Application Note 2 instructs that the determining factor is the defendant's relevant conduct, and the language of Section 2T1.9 does not expressly direct that a conviction is required, the court finds that defendants' argument that a conviction under 26 U.S.C. Sec. 7201 or Sec. 7206 is necessary before applying Section 2T1.1 or Section 2T1.3 is erroneous.[2]
 
 
 20
 The defendants' next argument is that the court erred in its application of Section 2T1.9 by not specifying whether it was applying Section 2T1.1 or Section 2T1.3 by reference. Defendants' convictions under 18 U.S.C. Sec. 371 arose out of their participation in a conspiracy to market and sell trust instruments to enable purchasers to avoid payment of income tax. The court notes that defendants' underlying conduct contains elements of both tax evasion (Section 2T1.1) and fraud and false statements (Section 2T1.3). However, as a practical matter, it makes no difference whether Section 2T1.1 or Section 2T1.3 is applied, as an identical base offense level is calculated under both sections. Both sections generally rely on the tax loss table to determine the base offense level; and the specific offense characteristics of the two sections are identical. The only difference in the two guidelines sections is that Section 2T1.3 provides that if the offense is not committed in order to facilitate tax evasion, the base offense level would be 6, and the court would not need to determine the base offense level from the tax loss table. In this case, the government demonstrated that the offense was committed in order to facilitate tax evasion and, to that end, put on evidence of tax loss. Thus, the offense level was determined by applying the tax loss table, an exercise that results in an identical base offense level under both Section 2T1.1 and Section 2T1.3.
 
 
 21
 Defendants' final argument is that they should not have received a sentence greater than three years because that is the statutory maximum provided for in 26 U.S.C. Sec. 7206, which is the statutory provision covered by Section 2T1.3. Defendants' contention is misguided. The maximum sentence is determined by the relevant statute of conviction, which in this case was 18 U.S.C. Sec. 371. 18 U.S.C. Sec. 371 provides for a maximum penalty of five years' incarceration. Defendants' sentences were both under the statutory maximum amount.
 
 
 22
 IT IS, THEREFORE, BY THE COURT ORDERED that the Petitions for Writ of Habeas Corpus for Incorrect Application of the Sentencing Guidelines (Docs. # 653 and 665), filed by defendants Yung and Scott, are denied.
 
 
 23
 IT IS SO ORDERED.
 
 
 24
 /s/ John W. Lungstrum
 
 JOHN W. LUNGSTRUM
 United States District Judge
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Government has contended Mr. Scott has forfeited his right to have this issue decided as he abandoned his direct appeal where this issue could and should have been decided. See United States v. Cox, 567 F.2d 930, 932 (10th Cir.1977), cert. denied, 435 U.S. 927 (1978). See also United States v. Frady, 456 U.S. 152, 167 (1982), and 28 U.S.C.A. Sec. 2255. The Government has failed to advise us where this issue was raised before the trial court and we are unable to ascertain whether or not the trial court addressed this issue. We therefore decline to consider this issue for the first time on appeal
 
 
 [1]
 Application Note 3 under Section 1B1.3 provides:
 A particular guideline (in the base offense level or in a specific offense characteristic) may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute. For example, in Sec. 2S1.1, subsection (a)(1) applies if the defendant "is convicted under 18 U.S.C. Sec. 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A)." Unless such an express direction is included, conviction under that statute is not required. Thus, use of a statutory reference to describe a particular set of circumstances does not require a conviction under the referenced statute. An example of this is found in Sec. 2A3.4(a)(2) ("if the offense was committed by the means set forth in 18 U.S.C. Sec. 2242").
 
 
 [2]
 No court decisions have dealt directly with the issue of whether a conviction under 26 U.S.C. Sec. 7201 or 7206 is necessary to apply Section 2T1.1 or 2T1.3 in the context of Section 2T1.9. However, there is some language in United States v. Schmidt, 935 F.2d 1440 (4th Cir.1991) regarding this issue. In Schmidt, the defendants were involved in a trust marketing plan with facts nearly identical to those in the present case. The defendants were convicted on sixteen counts, including two counts of violating 18 U.S.C. Sec. 371 and five counts of willfully aiding and assisting in the preparation of false tax returns in violation of 26 U.S.C. Sec. 7206(2). The district court sentenced defendants under Section 2T1.9 and applied Section 2T1.3, which the circuit court found to be proper. Id. at 1450. In explaining why the election of Section 2T1.3 was proper as opposed to Section 2T1.1, the court stated "[s]ection 2T1.1 is inapplicable because none of the appellants was charged under 26 U.S.C. Sec. 7201." Id. This court does not believe that this language indicates that the Schmidt court believed that a statutory charge was necessary to apply Section 2T1.1 or Section 2T1.3. In fact, as a practical matter, the defendants in Schmidt were not charged or convicted of offenses covered by either Section 2T1.1 or Section 2T1.3. (The relevant sentencing guideline for 26 U.S.C. Sec. 7206(2), of which defendants were charged and convicted, is Section 2T1.4). When the Schmidt opinion is read as a whole, this court believes that the Schmidt court relied on the defendants' underlying conduct in applying Section 2T1.3, not on the fact defendants had been charged with a particular offense