21 F.3d 1123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Johnny Lee SANDERS, Defendant-Appellant.
 No. 93-6291.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Sanders, who was previously convicted of numerous federal offenses,[2] filed a pro se action seeking to vacate, set aside or correct his sentence under 18 U.S.C. 2255. The district court denied relief and Mr. Sanders appeals. We affirm.
 
 
 3
 Mr. Sanders asserted three errors in his 2255 petition: (1) ineffective assistance of counsel; (2) errors in the selection procedure of both grand jurors and jurors; and (3) arbitrary, unconstitutional and capricious conduct by United States agencies.
 
 
 4
 The district court concluded: (1) counsel was not ineffective and alternately, assuming counsel's alleged errors, the result would not have been different as the evidence of Mr. Sanders' guilt was overwhelming; (2) the district court's rule setting forth the procedure for empaneling juries and the procedure followed was proper; and (3) it is not unconstitutional or arbitrary and capricious to have allowed felons and drug addicts to testify against Mr. Sanders.
 
 
 5
 Mr. Sanders appeals raising essentially the same arguments presented to the trial court: (1) "Denial of Effective Assistance of Counsel; Denial of Right to an Evidentiary Hearing Upon His Claim of Denial of Effective Assistance of Counsel"; (2) "Challenges to Jury and Grand Jury Selection Procedure as to Plan for Randomly Selecting Jurors"; and (3) "Denial of Constitutional Rights and Unconstitutional Conduct on the Part of The United States Government Agencies, Arbitrary and Capricious Conduct."
 
 
 6
 We address the later two issues first. The issues surrounding the empanelment of juries should have been presented prior to trial and they cannot be raised in a subsequent 2255 proceeding. Davis v. United States, 411 U.S. 233, 242 (1973); United States v. Cox, 567 F.2d 930, 932 (10th Cir.1977), cert. denied, 435 U.S. 927 (1978). The issues surrounding the arrest warrant, the indictment and the witnesses should have been raised in the direct appeal. See United States v. Cook, 997 F.2d 1312 (10th Cir.1993). Litigation must end and consequently a 2255 motion cannot be utilized to raise issues which should have been raised in the direct appeal absent a showing of cause and prejudice or actual innocence. Therefore, we hold these two issues are procedurally barred.
 
 
 7
 We now turn our attention to Mr. Sanders' claim of ineffective counsel. We measure this claim under Strickland v. Washington, 466 U.S. 668 (1984). Strickland tells us that Mr. Sanders must show both that his counsel failed to fall within the wide range of reasonable professional assistance and there exists a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. Id. at 687, 696.
 
 
 8
 Mr. Sanders' claim of ineffective counsel distills to the following: (1) counsel should have subpoenaed various witnesses whose testimony would have contradicted some of the prosecution's witnesses, (2) counsel should have moved to suppress evidence seized from Mr. Sanders' residence pursuant to a search warrant, and (3) counsel had a conflict of interest that prevented him from rendering effective assistance.
 
 
 9
 Turning to the first matter, the trial court stated:
 
 
 10
 Although the trial judge who watched Defendant's counsel for almost three weeks of trial is in the best position to assess competency, a review of the record by the undersigned reveals that the Defendant's counsel (Mr. Lacy) vigorously represented him at trial.... Mr. Lacy's performance could be characterized as anything but incompetent and unprofessional, and the record demonstrates that Mr. Lacy was adequately prepared. Most of the Defendant's complaints of Mr. Lacy have to do with Mr. Lacy not filing every motion or raising every issue that the Defendant, who is not trained in the law, wanted raised. This, of course, does not prove ineffective assistance of counsel.
 
 
 11
 The names of the witnesses which the Defendant wanted called at trial to impeach the testimony of other witnesses are familiar to the undersigned through the review of the record. It is quite apparent that the testimony of these witnesses, although perhaps initially helpful, would have been subject to impeachment and judged against the other trial testimony which was in direct contradiction to these witnesses' alleged testimony. It is extremely improbable that this testimony would have caused the jury to reach a different result.
 
 
 12
 (Footnote omitted). The record fully supports this conclusion.
 
 
 13
 The second claimed error, the alleged failure of his counsel to file a motion to suppress, must be rejected simply because Mr. Sanders fails to show how or why this action would have been successful.
 
 
 14
 A third claimed error, actual conflict of interest by counsel, was not raised before the district court. The alleged conflict was known to Mr. Sanders at a pretrial conference where he alleges he questioned his attorney about it. Nonetheless, Mr. Sanders chose to ignore what he now alleges shows the conflict and proceeded to trial with counsel. Accordingly, he knowingly waived any objection based upon the alleged conflict. United States v. Winkle, 722 F.2d 605, 612 (10th Cir.1983).
 
 
 15
 Mr. Sanders also contends the district court erred by not holding a hearing on his claim of ineffective assistance of counsel. We review the district court's denial of an evidentiary hearing under 2255 for abuse of discretion. Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991). In this case, the prisoner did not raise any factual issues that could not be resolved based upon the lengthy record. As the motion, files and records in this case conclusively show, the prisoner is entitled to no relief. Accordingly, it was not an abuse of discretion for the district court to deny a hearing.
 
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 See United States v. Sanders, 928 F.2d 940 (10th Cir.), cert. denied, 112 S.Ct. 142 (1991)