72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rosie Zorola PLATA, Defendant-Appellant.
 No. 95-6260.
 United States Court of Appeals, Tenth Circuit.
 Dec. 15, 1995.
 
 Before TACHA, BALDOCK and BRISCOE, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Rosie Zorola Plata appeals the district court's denial of her motion for post-conviction relief under 28 U.S.C. 2255. We affirm.
 
 
 4
 On February 15, 1994, a federal grand jury returned a nine-count indictment against Plata charging her, in pertinent part, with conspiracy to distribute heroin. On March 18, 1994, Plata, who was represented by counsel, entered into a plea agreement by which she agreed to enter a plea of guilty to the conspiracy charge contained in count 1 in exchange for dismissal of counts 2 through 9. Although Plata's counsel originally filed objections to the presentence report, those objections were withdrawn on June 14, 1994, after the district court determined that the quantity of heroin originally calculated in the presentence report and linked to Plata should be reduced by one kilogram, and that she should receive a three-point reduction for acceptance of responsibility. Plata's offense level was computed at level 29, criminal history category I, placing her in a sentencing range of 87 to 108 months incarceration. Plata was subsequently sentenced to 90 months incarceration and four years supervised release, and was ordered to pay a $50 special assessment.
 
 
 5
 Although Plata did not directly appeal her sentence, on May 4, 1995, she filed a pro se post-conviction motion seeking relief under 2255. The sole issue presented in that motion was whether the district court properly calculated the total weight of heroin Plata was responsible for distributing during the course of the conspiracy. After the government filed a response asserting that Plata's motion was procedurally barred, Plata filed a reply brief claiming that, due to ineffective assistance of counsel, she did not pursue a direct appeal.
 
 
 6
 On July 13, 1995, the district court issued an order denying Plata's motion. In its order, the court noted that Plata's challenge to her sentence was not presented on direct appeal, and Plata had failed to establish the requisite cause to enable the court to overlook this procedural obstacle. Further, the court held that Plata's assertion of ineffective assistance of counsel was invalid in light of her failure to explain why it was not included in her original motion.
 
 
 7
 We review the district court's disposition of a 2255 motion for abuse of discretion. See United States v. Barboa, 777 F.2d 1420, 1422 n. 2 (10th Cir.1985). As the district court recognized, "[s]ection 2255 is not available to test the legality of matters which should have been raised on appeal." United States v. Cox, 567 F.2d 930, 932 (10th Cir.1977), cert. denied, 435 U.S. 927 (1978). We have previously held that the failure to raise a nonconstitutional issue on direct appeal ordinarily will bar collateral review of that issue under 2255. United States v. Gattas, 862 F.2d 1432, 1435 (10th Cir.1988).
 
 
 8
 Here, Plata's challenge to her appeal was not asserted in a direct appeal. Further, Plata has failed to demonstrate either cause excusing this procedural default or actual prejudice resulting from the error of which she complains. See United States v. Frady, 456 U.S. 152, 167 (1982). Accordingly, we find that the district court properly rejected this claim.
 
 
 9
 As for Plata's ineffective assistance of counsel claim, we agree with the district court that the claim was untimely. We therefore find no error in the court's refusal to consider the claim, and we decline to consider it for the first time on appeal. See Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989); Burnette v. Dresser Industries, 849 F.2d 1277, 1282 (10th Cir.1988).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1991. 151 F.R.D. 470