UNITED STATES COURT OF APPEALS
**Filed 7/8/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOHNNY L. SANDERS,

     Defendant-Appellant.

No. 95-6338
(D.C. No. CR-88-81-A)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Following his conviction on multiple drug-related offenses, defendant Johnny L. Sanders filed a motion for return of seized property pursuant to Fed. R. Crim. P. 41(e), and then appealed the district court's partial denial of that motion. We affirmed in part and remanded the case for the district court's determination of whether defendant was entitled to the return of certain jewelry that the government had remitted to defendant's former wife, because we concluded that the government may have deprived defendant of his property interest in this jewelry without due process. United States v. Sanders, No. 94-6219 (10th Cir. Feb. 28, 1995)(Order and Judgment). In its petition for rehearing, the government contended that it had subjected the jewelry to forfeiture proceedings prior to remitting it and had therefore provided defendant with all the process to which he was due. In granting the government's petition in part, we agreed with the government that "if its contentions are correct--if the remitted jewelry had been included in the forfeiture proceedings that we held were proper--defendant's interest in the jewelry has been extinguished and his motion for return of the jewelry should be denied." May 1, 1995 Order at 2. We therefore clarified our remand order and instructed the district court to first determine whether the remitted jewelry was included in the forfeiture proceedings. Id.

On remand, the government submitted evidentiary materials that it contended showed that the remitted jewelry had been included in the forfeiture proceedings. The district court construed the government's submission as a motion for summary judgment, see United States v. Robinson, 78 F.3d 172, 174 (5th Cir. 1996), and ordered defendant to respond, which he

2

did. After consideration of the parties' submissions, the court found that the government had subjected the remitted jewelry to forfeiture proceedings and denied defendant's motion for return of the jewelry. Defendant appeals.

We review the grant of summary judgment de novo and apply the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995). Defendant did not submit any evidence or affidavits in opposition to the government's motion. The government seems to argue that this alone entitles it to summary judgment. See Appellee's Br. at 6-7. As summary judgment movant, however, the government had to meet its initial burden of showing the absence of a genuine factual issue whether the remitted jewelry had been forfeited. See Henderson v. Inter-Chem Coal Co., 41 F.3d 567, 569 (10th Cir. 1994)("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.")(quotation omitted). We therefore must examine the government's summary judgment submission to determine whether it met its burden.

The government seized a total of thirty-four items of jewelry from defendant, which were somehow divided into nine lots. It obtained a jeweler's retail appraisal of all thirty-four items, which valued them in total at $67,287. This appraisal estimated the value of lot 3, which contained only the eventually remitted jewelry, at $17,195. Thus, the appraised retail value of the remaining jewelry was $50,092. Defendant essentially contends that the

3

government separated lot 3 from the remaining jewelry prior to conducting its forfeiture proceeding.

The documents the government submitted from the forfeiture proceeding do not actually identify what was forfeited or even the number of items forfeited, but instead simply describe the items as "assorted gold and diamond jewelry" with a value of "$50,000." R. Supp. Vol. XLII, Doc. 1351, Ex. B, Appendix H. The government contends that this included all jewelry seized from defendant because this is the value a Drug Enforcement Agency agent placed on all the jewelry prior to transferring it to the U.S. Marshals Service for custody. Appellee's Br. at 6. The document on which the agent placed this value, however, called for the "appraised retail value" of the items being transferred, and he prepared this document less than two weeks after the government obtained the appraisal estimating the retail value of all thirty-four items at $67,287. See R. Supp. Vol. XLII, Doc. 1351, Ex. B, Appendix A.

Thus, looking at the evidence in defendant's favor as we must, it shows that the government forfeited "$50,000" of "assorted gold and diamond jewelry." Prior to the forfeiture proceeding, the government had segregated the remitted jewelry into a separate lot. The appraised retail value of the remaining jewelry was $50,092, and this was known to the government both at the time the DEA agent valued the jewelry at $50,000 as well as at the time of forfeiture. We believe that it is reasonable to infer from this evidence that the forfeiture proceeding did not cover the remitted items. The government therefore did not

4

meet its summary judgment burden, and we must remand the case again for additional proceedings.

Obviously, the government's problem for summary judgment purposes is identifying exactly what the forfeiture proceeding covered. We assume it has already submitted all the relevant documentary evidence, and we have concluded this evidence is insufficient. It therefore appears to us that the only way the government can prevail on remand on summary judgment is by submitting an uncontroverted affidavit of the DEA agent affirmatively linking all seized jewelry to the forfeiture proceeding.

REVERSED and REMANDED for additional proceedings consistent with this order and judgment.

Entered for the Court

Michael R. Murphy
Circuit Judge