**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOHNNY LEE SANDERS,

     Defendant-Appellant.

No. 97-6069
(D.C. No. 88-CR-81)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

---

In this long-running post-conviction dispute over jewelry seized by the
government during the initial investigation of the defendant's drug conspiracy,
the defendant seeks a money judgment for the value of the jewelry because the
property itself is no longer in the government's possession. The defendant has
failed, however, to show that the district court's factual determinations in this

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

case were clearly erroneous, and under the law of the case doctrine, we decline to revisit legal issues we previously have decided.

I.

Johnny Lee Sanders was convicted in 1989 on 27 counts stemming from a conspiracy to distribute heroin in Oklahoma City, and he was sentenced to thirty years in prison. See United States v. Sanders, 928 F.2d 940, 942 (10th Cir. 1991) (Sanders I). In an unpublished decision, this court rejected Mr. Sanders' habeas corpus petition. See United States v. Sanders, No. 93-6291, 1994 WL 118199 (10th Cir. Apr. 6, 1994) (Sanders II).

Following the demise of his efforts to overturn his conviction, Mr. Sanders has waged an unrelenting battle under Fed. R. Crim. P. 41(e) challenging the government's seizure of various items of personal property from his home. In a previous unpublished decision, this court upheld the major portion of the district court's decision rejecting Mr. Sanders' motion for return of the property. See United States v. Sanders, No. 94-6219, 1995 WL 94666 (10th Cir. 1995) (Sanders III). We affirmed the district court's determination that the fugitive disentitlement doctrine barred Mr. Sanders from challenging the procedures under which the property was forfeited. See id. at *1. We held, however, that the record failed to demonstrate whether one of the lots of jewelry, out of the nine lots that the government had seized, was subject to the government's

administrative forfeiture proceedings.[1]  See id.  Mr. Sanders claimed then and continues to claim now that the documentary evidence in the record implies that the government excluded the disputed lot of jewelry, Lot 3,[2] from its notice of forfeiture.  (See Appellant's Br. at 9.)  Mr. Sanders' argument relies on the mathematical coincidence of the fact that one can exclude the appraised value of Lot 3 -- $17,195 -- from the appraised value of all nine lots -- $67,287 -- and reach a figure close to $50,000.  (See id.)  On the basis of this calculation, Mr. Sanders contends that the government's notice of forfeiture -- referring to $50,000 worth of jewelry -- could not possibly have included the disputed lot. (See id.)

We therefore remanded with directions that the district court determine whether Lot 3 was included in the forfeiture notice.  See United States v. Sanders,

---

[1]To consider this lot as "included" in the forfeiture proceeding, the government was required to demonstrate that the notice of forfeiture sent to Mr. Sanders' address and published in USA Today actually referred to the disputed lot of jewelry.  This notice of forfeiture referred only generally to "assorted gold and diamond jewelry," valued  at $50,000.  See United States v. Sanders, No. CR-88-81-A, slip op. at 2 (W.D. Okla. Feb. 10, 1997) (Sanders V); United States v. Sanders, No. 95-6338, 1996 WL 378836, at *2 (10th Cir. July 8, 1996) (Sanders IV).

[2]Lot 3 consists of  nine pieces of jewelry that subsequently were claimed by Mr. Sanders' ex-wife Renee Phillips Sanders.  (This particular Mrs. Sanders is not the same Mrs. Sanders -- Renee Armstrong Sanders -- who was married to Mr. Sanders at the time of his arrest and who was convicted as a co-conspirator with him.  See Sanders III, 1995 WL 94666, at *1 n.2.)  The government returned the jewelry in Lot 3 to Renee Phillips Sanders in 1990.  See id. at *1.  This court held that even though the jewelry may have belonged to Rene Phillips Sanders, Mr. Sanders continued to have a property interest in the jewelry because of his mere possession of it in his home.  See id.

No. 95-6338, 1996 WL 378836, at *1 (10th Cir. July 8, 1996) (<u>Sanders IV</u>). The government then submitted documents that it argued demonstrated that Lot 3 had been included in the forfeiture notice. <u>See</u> <u>id.</u> The district court treated the government's submission as a motion for summary judgment, and granted judgment to the government. <u>See</u> <u>id.</u> This court reversed the district court's decision on the grounds that the government's submission had failed to meet its burden on summary judgment of showing that there were no material facts in dispute. <u>See</u> <u>id.</u> at *2. In <u>Sanders IV</u>, we instructed the district court that "[i]t therefore appears to us that the only way the government can prevail on remand on summary judgment is by submitting an uncontroverted affidavit of the DEA agent affirmatively linking all seized jewelry to the forfeiture proceeding." <u>Id.</u>

Following this remand, the district court declined to consider the matter on summary judgment and instead conducted an evidentiary hearing at which three government agents testified. <u>See</u> <u>United States v. Sanders</u>, No. CR-88-81-A, slip op. at 1 (W.D. Okla. Feb. 10, 1997) (<u>Sanders V</u>).[3] The district court found this testimony to be credible and concluded that the agents had demonstrated that Lot 3 was indeed included in the initial notice of forfeiture. Consequently, the district

---

[3]The parties have not included in the record on appeal either their briefs to the district court for the Rule 41(e) hearing held on February 4, 1997, or a complete transcript of the hearing. Mr. Sanders has included one page of the transcript of the district court's hearing, but this portion is insufficient to review the factual findings of the district court. <u>See</u> 10th Cir. R. 10.1.1; 10.3.1 & 10.3.2.

court dismissed Mr. Sanders' Rule 41(e) petition. See id. at 5. Mr. Sanders now contends that the district court's decision violated the mandate of Sanders IV. (See Appellant's Br. at 9.)

II.

Under the holding in United States v. Clark, we treat Mr. Sanders' Fed. R. Crim. P. 41(e) motion more appropriately as a civil action invoking the federal question jurisdiction of this court. 84 F.3d 378, 381 (10th Cir. 1996) ("'Where criminal proceedings against the movant have already been completed, a district court should treat a rule 41(e) motion as a civil complaint.'") (quoting Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir. 1992)). We review the district court's legal conclusions de novo, but the district court's factual findings are reviewed only for clear error. See id.

In this case, Mr. Sanders' essential complaint is with the factual findings and credibility determinations of the district court. However, we have no basis on which to dispute those findings because there is no record before us of the testimony of the government agents. We must, therefore, defer to the district court's factual findings. See United States v. Davis, 60 F.3d 1479, 1481 (10th Cir. 1995), cert. denied, 116 S. Ct. 1829 (1996) (holding that when the record on appeal is insufficient, "we must defer to the trial court's decisions") (quoting Moore v. Subaru of America, 891 F.2d 1445, 1448 (10th Cir. 1989)).

Our presumption of the correctness of the district court's findings is buttressed by our review of Mr. Sanders' brief in which he points to no evidence that would undermine the district court's findings. His reliance on the mathematical coincidence in the valuation of Lot 3 is misplaced. The fact of this coincidence merely created the necessity we observed in Sanders IV for obtaining more direct evidence as to whether Lot 3 was included in the notice of forfeiture. The government has provided this evidence in the testimony of its agents. Mr. Sanders' disparaging commentary on this testimony does not qualify as evidence, and thus fails to overcome the district court's determination that the testimony was credible. Thus, we have no basis to find that the district court's factual findings were clearly erroneous.

### III.

Mr. Sanders also asks this court to reconsider the decision in Sanders III, which held that the forfeiture proceedings used in his case were appropriate under the fugitive disentitlement doctrine. See Sanders III, 1995 WL 94666, at *1. In the intervening years since Sanders III, the fugitive disentitlement doctrine has fallen into disfavor with respect to its application in civil forfeiture proceedings. See Degen v. United States, 116 S. Ct. 1777, 1783 (1996) (holding that a summary civil forfeiture, approved without any hearing for the defendant under the fugitive disentitlement doctrine, violates a defendant's due process rights);

United States v. Rodgers, 108 F.3d 1247, 1253 (10th Cir. 1997) (holding that the fugitive disentitlement doctrine may not be invoked to avoid the due process requirement of sending notice of a civil forfeiture to the known address of a defendant).

We need not decide whether the forfeiture in this case violated the rule in Degen and Rodgers because the issue is foreclosed by the doctrine of "the law of the case." Under this practical rule of judicial economy, a subsequent court may not revisit issues that have been finally adjudicated by prior decisions in the same case, absent some extraordinary circumstances. See Ute Indian Tribe v. Utah, 114 F.3d 1513, 1520 (10th Cir. 1997). One of those possible circumstances is a change in controlling law during the intervening period. See Stifel, Nicolaus & Co. v. Woolsey & Co., 81 F.3d 1540, 1544 (10th Cir. 1997). However, this exception applies only when the case has not been finally decided. See Ute Indian Tribe, 114 F.3d at 1521 ("[T]he intervening-change-in-law exception does not apply where . . . the case in which the erroneous ruling occurred is no longer sub judice -- that is, where the case has become final.").

In Mr. Sanders' case, the issue of the legality of the government's initial forfeiture proceedings was decided finally in Sanders III. See Sanders III, 1995 WL 94666, at *1. The case itself remained open solely as a result of the continuing remands on the separate issue of the scope of the forfeiture notice.

Nevertheless, we believe the decision in <u>Sanders III</u> on the now-questionable fugitive disentitlement doctrine is the law of the case. Except for his bare assertion that the government's forfeiture proceedings violated <u>Degen</u> and <u>Rodgers,</u> Mr. Sanders has failed to suggest how his due process rights were violated or what the government could have done differently in the forfeiture proceeding. In light of the paucity of his legal argument and the extended history of this case, we do not find the necessary extraordinary circumstances to warrant revisiting the fugitive disentitlement issue. Thus, we decline Mr. Sanders' invitation to reconsider <u>Sanders III</u>.

For the foregoing reasons, the decision of the district court dismissing Mr. Sanders' Rule 41(e) motion is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge