**UNITED STATES COURT OF APPEALS**
<u>**Filed 7/1/96**</u>
**FOR THE TENTH CIRCUIT**

VELTRAN TRUJILLO, SR.; GLORIA TRUJILLO )
as next of friends and guardians of )
their minor child VELTRAN TRUJILLO, JR.,)
                                      )
     Plaintiffs-Appellants, )
                                        )
v. )     No. 95-2192
                                        )  (D.C. No. CIV-94-1350)
TAOS MUNICIPAL SCHOOLS, a New Mexico )  (Dist. of New Mexico)
School District; HAROLD BREEN; JOE )
MCGINNIS; IGNACIO PERALTA; BOB ROMERO, )
individually and as members of the Taos )
Municipal School Board; JUAN ARAGON, )
individually and in his capacity as )
Superintendent of Taos Municipal )
Schools; RUBEN R. QUINTANA, individually)
and in his capacity as Principal of )
Taos Junior High School; IRENE HERN, )
individually and in her capacity as )
the Assistant Principal of Taos Junior )
High School; BOARD OF EDUCATION, Taos )
Municipal Schools, )
                                        )
     Defendants-Appellees. )

_____

**ORDER AND JUDGMENT**[*]

_____

Before **ANDERSON, BARRETT, and MURPHY**, Circuit Judges.

_____

     After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. <u>See</u> Fed. R. App.

---

    [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Appellants, Veltran Trujillo, Sr. and Gloria Trujillo, appeal the district court's Order granting summary judgment, in part, in favor of appellees and dismissing their state law claims without prejudice.

## Facts

Appellants filed this action for declaratory relief, injunctive relief, and damages as next of friends and guardians of their son, Veltran Trujillo, Jr. (Trujillo), based on alleged violations of Trujillo's constitutional rights, laws of the United States, breach of contract, and prima facie tort.  Appellants' claims arose out of the circumstances surrounding the permanent expulsion of Trujillo from Taos Municipal Schools by appellee, Ruben R. Quintana (Quintana), Principal of Taos Junior High School. The undisputed facts are as follows.

In November, 1993, Trujillo was enrolled in the seventh grade at Taos Junior High School.  On November 15, 1993, Trujillo carried a .22 caliber pistol to school.  When confronted by school officials, Trujillo admitted that he had a gun in his physical education locker and turned it over to them.

On November 17, 1993, Assistant Principal Irene Hern (Hern) sent a notice of hearing to Trujillo's parents, appellants.  The notice of hearing indicated that Trujillo had violated the "weapons

policy" by "carrying a gun on campus" and that the purpose of the hearing was "[t]o determine if student shall . . . [b]e recommended for expulsion." (Plaintiff-Appellant's Corrected Brief in Chief at 263).

At the hearing, appellants were informed that Trujillo was being "suspended or expelled from Taos Municipal Schools." Shortly thereafter, Gloria Trujillo visited Quintana and asked how long Trujillo was expelled. Quintana responded that Trujillo was expelled for the remainder of the school year and advised her to enroll him in the Questa or Penasco public schools. On December 17, 1993, a written decision was mailed to appellants in which Quintana upheld the recommendation of Hern and expelled Trujillo from Taos Municipal Schools.

On February 4, 1994, Trujillo, by letter and through counsel, requested that Quintana advise him of the exact period of his expulsion. On March 10, 1994, Trujillo again wrote Quintana and requested a "Grievance Hearing." A grievance hearing was set for April 14, 1994. At the hearing, Quintana refused to reconsider Trujillo's expulsion and advised appellants to see Superintendent Aragon if they were unsatisfied with his decision.

On April 20, 1994, Trujillo requested Superintendent Aragon reconsider his expulsion. Superintendent Aragon responded by letter of April 26, 1994, that he would notify appellants of the time and date for a meeting as soon as he met with the appropriate

- 3 -

staff and reviewed the case. No meeting was ever scheduled or held.

Thereafter, appellants initiated this action. Appellees moved for summary judgment on the grounds that they are entitled to qualified immunity, appellants were provided due process, and appellants failed to exhaust their post-deprivation administrative remedies. Appellants moved for summary judgment on their claims of violation of their right to procedural due process, equal protection, and breach of contract.

On August 10, 1995, the district court granted summary judgment in favor of appellees on appellants' due process and equal protection claims and dismissed without prejudice appellants state law breach of contract and tort claims.

## Discussion

On appeal, appellants contend that the district court erred in granting appellees' motion for summary judgment and denying their motion for summary judgment. Appellants assert that appellees are not entitled to qualified immunity and that Trujillo was not afforded procedural or substantive due process.

We review a district court's grant or denial of summary judgment de novo. Lancaster v. Air Line Pilots Ass'n Int'l, 76 F.3d 1509, 1516 (10th Cir. 1996). We apply the same legal standard used by the district court and examine the record to determine if any genuine issue of material fact was in dispute. Purrington v.

University of Utah, 996 F.2d 1025, 1028 (10th Cir. 1993) (citing Applied Genetics Int'l Inc. v. First Affiliated Sec. Inc., 912 F.2d 1238, 1241 (10th Cir. 1990)). If there is no material dispute of fact, we determine if the substantive law was correctly applied. Purrington, 76 F.3d at 1516.

In its order, the district court concluded that "[t]he law is clearly established . . . as to a student's constitutional right to notice and opportunity to be heard in regard to expulsion from public school. Thus, [appellants'] allegations of insufficient notice and improper hearing procedures withstand [appellees'] claim of qualified immunity." (Plaintiff-Appellant's Corrected Brief in Chief at 277). However, the court concluded that since there are no cases establishing a constitutional right to appeal, appellees were entitled to qualified immunity on appellants' claim of a violation of their right to appeal Trujillo's expulsion. Id.

In analyzing appellants' procedural due process claims, the district court concluded that appellants "had sufficient notice of serious consequences stemming from having a gun in school," id. at 279; although failure to notify a parent of the possible punishments is not a violation of due process, appellants' had adequate notice of the possible penalty in the written notice of charges, id. at 279-80; in light of an admission of guilt, a hearing is required only to determine proper punishment and allow the student to present mitigating circumstances and appellants were

afforded this opportunity, <u>id</u>. at 281; although a written decision containing the findings of fact to support the expulsion is not required by due process, appellants received a written decision which clearly stated the circumstances and the decision, <u>id</u>.; appellants failed to provide any evidence to support the allegation that Trujillo was denied a fair and impartial hearing, <u>id</u>. at 282; and Quintana had ample authority to expel Trujillo.  <u>Id</u>.

Finally, the district court recognized that the right to a public education, although a constitutional right, was not a fundamental right.  Therefore, the court concluded that appellants' substantive due process and equal protection claims failed because "expelling a student for carrying a gun to school is certainly rationally related to the vital state interest in providing a safe environment conducive to learning, protecting students and staff, and maintaining discipline in public schools."  <u>Id</u>. at 283.  We agree.

We affirm substantially for the reasons set forth in the district court's Order of August 10, 1995.

**AFFIRMED.**  The mandate shall issue forthwith.

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge

- 6 -