91 F.3d 160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 J.R. RUSSELL, Plaintiff-Appellant/Cross-Appellee,
v.
Connie D. RUSSELL, Defendant-Appellee/Cross-Appellant,
UNITED STATES of America, Mid American Bank and Trust
Company, Wyandotte County Board of County
Commissioners, Edward G. Fogarty,
Brotherhood Bank and Trust
Company, Defendants-Appellees,
THE CITY OF KANSAS CITY, Kansas, Defendant-Intervenor-Appellee.
 Nos. 94-3382, 94-3399.
 United States Court of Appeals, Tenth Circuit.
 July 1, 1996.
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Before BRORBY and BARRETT, Circuit Judges, and BRIMMER,** District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 This is an action for partition of real property, arising between J.R. Russell and Connie D. Russell subsequent to their 1985 divorce. The case was removed to federal court based on outstanding federal tax liens on J.R. Russell's interest in the properties at issue here. The district court entered its final, amended order of disbursement and judgment on September 28, 1994. Plaintiff-appellant J.R. Russell timely appealed and defendant-appellee Connie D. Russell timely cross-appealed. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 5
 In the first five issues, appellant and appellee challenge the district court's adherence to a stipulated journal entry entered on August 11, 1993, setting out the procedure for the sale. The district court rejected their subsequent motions to alter the stipulated journal entry with respect to the points they challenged.
 
 
 6
 The journal entry is, in effect, a pretrial order. We review the district court's decision on a motion to modify a pretrial order for abuse of discretion. Joseph Mfg. Co. v. Olympic Fire Corp., 986 F.2d 416, 418 (10th Cir.1993). To prevail, appellant and appellee must show that the district court's decision was "arbitrary, capricious, or whimsical." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir.1990).
 
 
 7
 Appellant's argument is that his counsel was distracted by other matters and did not read the journal entry carefully before signing it, and that he should not be bound by his attorney's carelessness. Appellee's argument is essentially the same as appellant's. She contends that a problem she perceived with the journal entry only after the sale was completed--but which clearly could have been anticipated by her or her attorneys before the journal entry was approved--should have been corrected by the district court. We point out, however, that the parties' counsel had the opportunity--and the responsibility--to read the journal entry before signing it. In addition, the parties are not excused from responsibility for their cases by placing them in an attorney's hands. Cf. id. We can find no abuse of discretion in the district court's decision to adhere to the stipulation under these circumstances.
 
 
 8
 Finally, appellant argues that the district court erred in entering a personal judgment against him in favor of appellee, in an effort to correct an inequity caused by the agreed-upon application of the sale proceeds. Appellee contends that the district court's decision was correct. We agree. Under Kan. Stat. Ann. § 60-1003(d), the district court had "full power to make any order ... necessary to make a just and equitable partition between the parties."
 
 
 9
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation