UNITED STATES COURT OF APPEALS
**Filed 7/2/96**
TENTH CIRCUIT

TONY LAMAR VANN,                      )
                                      )
    Plaintiff-Appellant,          )
v.                                    )         No. 95-5221
                                      )    (D.C. No. 95-C-906-C)
WILLIAM H. MATTINGLY; DAVID           )    (N. Dist. of Okla.)
GAMBILL, Judge; RENE P. HENRY,        )
Asst. D.A.; RON WILLIAMS, ALLEN C.    )
COWDERY, Attorney; CURLEY HIGGINS,    )
Attorney; STATE OF OKLAHOMA; OSAGE    )
COUNTY, OKLAHOMA; CITY OF TULSA,      )
OKLAHOMA,                             )
                                      )
    Defendants-Appellees.         )
_____

**ORDER AND JUDGMENT**[*]
_____

Before **ANDERSON, BARRETT and MURPHY**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Tony Lamar Vann (Vann) appearing pro se, appeals from the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983, et seq., without prejudice, under 28

_____

[*]This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

U.S.C. § 1915(d).

On September 23, 1994, Vann was sentenced, following trial to the District Court of Osage County, Oklahoma, to a term of seven (7) years imprisonment in the Oklahoma Department of Corrections for Assault (Count I), and one year in the Osage County Jail for Unlawful Possession of Marijuana with Intent to Distribute (Count II). Count II was ordered to run consecutive to Count I. Vann was also convicted of Unlawful Possession of a Firearm After Former Conviction under Count III. So far as we can ascertain, Vann's appeal from that conviction is still pending in the Oklahoma Court of Criminal Appeals.

In his pro se civil rights complaint, Vann sought actual and punitive damages for false imprisonment. He seems to allege that he did not receive effective assistance of counsel during his state criminal trial predicated upon his claim here that his Osage County sentence was enhanced by a prior Texas conviction which was more than ten (10) years old. Vann has raised this same contention in his criminal appeal.

Vann's § 1983 suit was brought against Judges Mattingly and Gambill, Assistant District Attorney Henry, Attorneys Cowdery and Higgins, the State of Oklahoma, and Williams as head of the Tulsa Housing Assistance Corporation. He alleged malicious prosecution and false and wrongful imprisonment. The criminal charges against Vann were brought following the forced vacation and moving of

Vann's two businesses located at 814 and 816 North Osage Drive, Tulsa, Oklahoma, upon thirty days notice, without compensation for moving.

The district court held that: the State of Oklahoma is not a "person" for purposes of § 1983; the judges and assistant district attorney are entitled to absolute immunity; and that conduct of Cowdery and Higgins, as defense counsel, does not constitute action under color of state law for purposes of a § 1983 violation. The court also observed that under Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), Vann could not recover damages in a § 1983 action based upon an alleged unconstitutional state court conviction until it has been reversed, expunged, or declared invalid.

On appeal, Vann argues that summary judgment is only warranted in a conspiracy action when the evidence is so one-sided as to leave no room for any reasonable difference of opinion as to how the case should be decided. He asks that we hold that he is in prison illegally.

Treating plaintiff-appellant's pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), we review a district court's dismissal for failure to state a claim by accepting all factual allegations of the plaintiff as true and resolving all reasonable inferences in his favor. Arnold v. McClain, 926 F.2d 963, 965 (10th Cir. 1991). We must affirm the district court's dismissal if it appears beyond doubt that the plaintiff cannot

prove any set of facts in support of his claims entitling him to relief. <u>Id</u>.

While we agree with the district court's order of dismissal of Vann's § 1983 action on the merits substantially for the reasons set forth in the court's Order of October 16, 1995, we observe that the court should not have entertained the action with knowledge that Vann's criminal conviction-sentence was on appeal to the Oklahoma Criminal Court of Appeals.

"We are free to affirm a district court's dismissal on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." <u>United States v. Sandoval</u>, 29 F.3d 537, 542 n.6 (10th Cir. 1994); <u>Griess v. Colorado</u>, 841 F.2d 1042, 1047 (10th Cir. 1988).

28 U.S.C. § 2254(b) provides that federal habeas corpus relief is not available to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the state or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." An action under § 1983 is a proper remedy for a state prisoner making a constitutional challenge to conditions of his confinement, but not of the fact or duration of his confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973). In <u>Heck</u>, the Supreme Court held that "habeas corpus is the exclusive [federal] remedy for a state

-4-

prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." 111 S.Ct. at 2369.

The burden of showing exhaustion of state remedies in accordance with 28 U.S.C. § 2254 rests on the petitioner seeking federal habeas relief. Bond v. Oklahoma, 546 F.2d 1369 (10th Cir. 1976). Vann has failed to carry that burden. The purpose of the exhaustion requirement is to prevent unnecessary conflicts between state and federal courts. Picard v. Connor, 404 U.S. 270 (1971).

**AFFIRMED.**

The mandate shall issue forthwith.


Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge