UNITED STATES COURT OF APPEALS
**Filed 7/3/96**
TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONALD EUGENE LINVILLE, also known as Barefoot Don, also known as Jamaican Don,

Defendant-Appellant.

No. 96-5079
(N. Dist. of OK)
(D.C. Nos. CV-95-587-B, and CR-86-48-B)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Donald Eugene Linville appeals an order of the district court denying his motion under 28 U.S.C. § 2255. Linville had moved the district court to vacate his sentence and release him from prison on double jeopardy grounds based upon its prior order decreeing the forfeiture of Linville's property, namely one Maserati automobile. The district court, however, held that Linville's culpability was not adjudicated in the prior forfeiture proceeding. He was thus never placed in jeopardy or punished for double jeopardy purposes in the forfeiture proceeding. As a result, he could not raise a double jeopardy claim following his conviction. Our jurisdiction over this appeal arises under 28 U.S.C. § 1291.

The relevant facts are as follow. On May 7, 1986, Linville was charged in a thirty-four count indictment in the United States District Court for the Northern District of Oklahoma. He pleaded guilty to count two, continuing criminal enterprise in violation of 18 U.S.C. § 848, and count six, conspiracy to defraud the United States by impeding and impairing the Department of the Treasury in violation of 18 U.S.C. § 371, on August 23, 1993. The district court subsequently sentenced Linville to a term of imprisonment of twelve years on count two and suspended his sentence regarding count six and fined him $5000. Linville also received five years of probation following his release.

In the period between the indictment and Linville's guilty plea, the United States sought the forfeiture of several pieces of property seized in connection

with the charges against Linville. The government eventually forfeited the Maserati now the subject of Linville's claim. During the course of the administrative forfeiture proceeding, Linville's mother, Ruby Ellen Linville, made an appearance. She eventually signed an agreement consenting to the forfeiture on May 9, 1996.

Linville now contends that this prior forfeiture rendered his guilty plea unconstitutional. He argues that because his mother held his power of attorney at the time she signed the agreement, this agreement first placed him in jeopardy. His subsequent guilty plea thus was a violation of the Double Jeopardy Clause of the Fifth Amendment. In response, the United States makes several arguments, including repeating the district court's conclusion that Linville was never in jeopardy at the forfeiture proceeding and could not be considered in double jeopardy at his guilty plea.

As the Supreme Court recently clarified, forfeiture actions under 21 U.S.C. §§ 881 and 981, as well as 18 U.S.C. § 924(d), are proceedings *in rem*. *United States v. Ursery*, Nos. 95-345, 95-346, 1996 WL 340815, at *14 (U.S. June 24, 1996). The Court held that Congress structured these forfeitures to be impersonal by targeting the property itself. *Id.* Furthermore, the Court concluded that these proceedings were civil in nature, rather than punitive, and did not violate the Double Jeopardy Clause. *Id.* at *15-*16.

The forfeiture which occurred here was likewise an *in rem*, civil proceeding.  Following *Ursery*, we conclude that this civil forfeiture was not punishment within the meaning of the Double Jeopardy Clause.  Linville was not placed in jeopardy as a result of the forfeiture and thus his conviction could not place him twice in jeopardy.  As a result, Linville's claim that his sentence should be vacated and that he should be released from prison fails.  The district court is thus **AFFIRMED.**

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge