**UNITED STATES COURT OF APPEALS**

<u>**Filed 7/3/96**</u>

**FOR THE TENTH CIRCUIT**

———

PAUL LUNA VASQUEZ,                          )
                                            )
    Petitioner-Appellant,                  )
                                            )
v.                                          )          No. 96-1083
                                            )     (D.C. No. 95-S-2966)
DONICE NEAL, and ATTORNEY GENERAL           )       (Dist. of Colo.)
FOR THE STATE OF COLORADO,                  )
                                            )
    Respondents-Appellees.                 )

———

**ORDER AND JUDGMENT***

———

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

———

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner-appellant Paul Luna Vasquez (Vasquez) is a convicted felon incarcerated at the Limon Correctional Facility under the jurisdiction of the State of Colorado Department of Corrections (DOC). This matter is before us on Vasquez's <u>pro</u> <u>se</u>

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

motions for a certificate of probable cause to appeal the district court's order of dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254[1] and to proceed on appeal without prepayment of costs or fees. A detailed recitation of Vasquez's litigative history is necessary for our review.

On November 16, 1992, Vasquez, appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint in the federal district court for the District of Colorado, Vasquez v. Thurlow, et al., No. 92-N-2264, against Donna Thurlow (Thurlow), DOC Time Computation Officer, A. C. Lusby (Lusby), Weld County Assistant District Attorney, and John R. Enright (Enright), Colorado Board of Parole. Vasquez alleged that he had been denied equal protection and due process of law because the DOC computed sentences differently for "angelos" than it did for "chicanos, hispanics, and mexicans." (Complaint at B. 1). The district court dismissed the case with prejudice.

---

[1] The Antiterrorist and Effective Death Penalty Act of 1996 (Act), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which became effective April 24, 1996, altered the procedures for habeas corpus appeals. As amended, the law instructs that we may issue a certificate of appealability, formerly a certificate of probable cause, only if the applicant has made a substantial showing of the denial of a constitutional right. Lennox v. Evans, No. 96-6041, 1996 WL 343632 at *4 (10th Cir. June 24, 1996). Prior to the Act, we were to issue a certificate of probable cause upon a substantial showing of the denial of an important federal right. Barefoot v. Estelle, 463 U.S. 880, 893 (1983). Inasmuch as the district court's order and motion for certificate of probable cause were entered and filed prior to April 24, 1996, we are governed by the pre-Act standards.

On August 15, 1994, Vasquez, appearing pro se, filed a second § 1983 civil rights complaint in the federal district court for the District of Colorado, entitled Vasquez v. Leavitt, et al., No. 94-S-1899, against Paul Leavitt (Leavitt), DOC Parole Supervisor, John P. Dolan (Dolan), DOC Parole Officer, David Sanchez (Sanchez), Colorado Board of Parole, Lusby, and Thurlow. Vasquez alleged that he had completed his sentence and that he had been denied equal protection of the law because other inmates had been treated differently in that their sentences had been discharged.

The magistrate judge found that the case should be dismissed on the ground of res judicata and the controlling statute of limitations. The magistrate judge also found that although Vasquez's § 1983 "could be broadly construed to be seeking habeas corpus relief," (No. 95-1062, R., Vol. I, Tab 23 at 5 n.1), Vasquez had failed to exhaust state remedies, because "Colo. R. Crim. P. 35(c)(2)(VII) provides that a motion may be filed with the trial court seeking release if a sentence has been fully served." Id.

The district court adopted the magistrate judge's recommendation and dismissed the case, finding that "the Plaintiff has presented no comprehensible basis for his allegation that his sentence should already have been discharged. Finally, this complaint raises the same issues that were litigated in this Plaintiff's previous complaint in Case No. 92-N-2264." (R., Ex. 27 at 2).

On November 29, 1995, Vasquez, appearing pro se, filed a petition for a writ of habeas corpus in the district court. Vasquez named Donice Neal, DOC, and the Attorney General of Colorado, as respondents. Vasquez alleged, inter alia, that he had served all of his sentence and that he should be released from custody.

On January 5, 1996, the magistrate judge entered a recommendation that Vasquez's petition be dismissed. The magistrate judge found that Vasquez v. Thurlow, et al., No. 92-N-2264, was on appeal and that "[p]etitioner's claim that his sentence has been discharged has been reviewed and denied in 94-S-1899. Petitioner is barred from relitigating the issue in this case by the doctrine of *res judicata*." (R., Ex. 13 at 3) (emphasis original).

On February 23, 1996, the district court, following de novo review, entered an order adopting the recommendation of the magistrate judge and dismissing Vasquez's petition.[2] On March 8, 1996, the district court entered an order denying Vasquez a

---

[2] In so doing, the district court accepted the magistrate judge's conclusion that Vasquez was barred from relitigating the issue in this case by the doctrine of res judicata. However, inasmuch as the parties in Vasquez's § 1983 actions were not the same parties as in his habeas action, the doctrine of res judicata does not apply. See Northern Natural Gas Co. v. Grounds, 931 F.2d 678, 681 (1991)("Under of res judicata . . . a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action.").

certificate of probable cause.

On March 14, 1996, Vasquez filed a motion for a certificate of probable cause in this court, and on March 19, 1996, he filed an amended motion for a certificate of probable cause in which he alleged, inter alia, that he had "raised substantial issues concerning whether or not he has discharged the entire sentence imposed by the state courts." (R., Amended Motion for Certificate of Probable Cause at 1). On April 8, 1996, Vasquez filed a motion for leave to proceed on appeal without prepayment of costs or fees. We grant both motions in order to address Vasquez's allegations of error on the merits.

On appeal, Vasquez contends that the district court erred when it accepted the magistrate judge's recommendation and dismissed his habeas petition on the basis of his two § 1983 actions.

We review questions of law de novo. Estate of Holl v. Internal Revenue Commissioner, 967 F.2d 1437, 1438 (10th Cir. 1992), and we are not constrained by the district court's conclusions. FDIC v. Bank of Boulder, 911 F.2d 1466, 1469 (10th Cir. 1990), cert. denied, 499 U.S. 904 (1991).

In Heck v. Humphrey, ___ U.S. ___, 114 S. Ct. 2364, 2369 (1994), the Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." "[W]hen

a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A § 1983 action is not "a permissible alternative to the traditional remedy of habeas corpus." Id. at 500. Richards v. Bellmon, 941 F.2d 1015, 1018 (10th Cir. 1991).

"A threshold question that must be addressed in every habeas case is that of exhaustion." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). Federal habeas corpus relief is not available to a state prisoners "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C.A. § 2254(b).

Section 2254 requires a "plaintiff to exhaust his state remedies prior to seeking habeas relief in federal court." Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). Here, the magistrate judge observed in his recommendation in Vasquez's second § 1983 action, Vasquez v. Leavitt, No. 94-S-1899, that Vasquez had "failed to exhaust his state remedies." (ROA, 95-1062, Tab 23 at 5 n.1). The district court adopted the magistrate judge's

recommendation.  <u>Id</u>., Tab 27 at 3.

We cannot ascertain from the record before us whether Vasquez exhausted his state remedies by seeking postconviction relief pursuant to Colo. R. Crim. P. 35(c)(2)(VII) between the time the magistrate judge entered his recommendation on November 25, 1994, in <u>Vasquez v. Leavitt</u>, No. 94-S-1899,  and the time Vasquez filed his petition for habeas relief on November 29, 1995.  If Vasquez has not exhausted his state remedies, the district  court must dismiss the § 2254 petition without prejudice so that Vasquez may exhaust his remedies in state court.  If Vasquez has exhausted his remedies in state court, the district court should vacate its order of February 23, 1996, dismissing Vasquez's petition and proceed to consider his habeas petition.

Remanded for further proceedings consistent herewith.


Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge