UNITED STATES COURT OF APPEALS

———

TONY LAMAR VANN,                    )
                                    )
    Petitioner-Appellant,          )
                                    )
v.                                  )   Nos. 95-5267 and 95-5239
                                    )     (D.C. No. 95-C-518-C)
STATE OF OKLAHOMA and MIKE          )     (N. Dist. of Okla.)
ADDISON, Warden,                    )
                                    )
    Respondents-Appellees.         )

———

**ORDER AND JUDGMENT**[*]

———

Before **ANDERSON, BARRETT, and MURPHY**, Circuit Judges.

———

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner-appellant Tony Lamar Vann (Vann), appears pro se. He is a convicted felon incarcerated in the Mack Alford

---

[*]This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

Correctional Center under the jurisdiction of the State of Oklahoma Department of Corrections (DOC). This matter is before us on Vann's motion to proceed without payment of fees and an application for a certificate of probable cause to appeal the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1]

Vann was convicted in Osage County, Oklahoma, on September 23, 1994, for possession of a firearm after former conviction of a felony in Harris County, Texas, and obstructing an officer. Vann was sentenced to seven years imprisonment in the DOC and fined $5,000 for the felony. He was sentenced to one year in the County Jail and fined $500 for the misdemeanor. On June 8, 1995, Vann filed a petition in federal district court seeking habeas relief pursuant to 28 U.S.C. § 2254 in which he challenged his Osage County conviction, the use of his prior Harris County conviction, and the effectiveness of his appellate counsel who refused to

---

[1] The Antiterrorist and Effective Death Penalty Act of 1996 (Act), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which became effective April 24, 1996, altered the procedures for habeas corpus appeals. As amended, the law instructs that we may issue a certificate of appealability, formerly a certificate of probable cause, only if the applicant has made a substantial showing of the denial of a constitutional right. Lennox v. Evans, No. 96-6041, 1996 WL ___ at __* (10th Cir. June ___, 1996). Prior to the Act, we were to issue a certificate of probable cause upon a substantial showing of the denial of an important federal right. Barefoot v. Estelle, 463 U.S. 880, 893 (1983). Inasmuch as the district court's order and motion for certificate of probable cause were entered and filed prior to April 24, 1996, we are governed by the pre-Act standards.

present critical issues on direct appeal. Respondents, after noting that Vann's Osage County conviction was pending before the Oklahoma Court of Criminal Appeals, moved to dismiss for Vann's failure to exhaust his state remedies.

On October 25, 1995, the district court dismissed Vann's petition for failure to exhaust state remedies based on his pending appeal in the Oklahoma Court of Criminal Appeals. On January 8, 1996, Vann filed a motion in this court for leave to proceed without prepayment of costs or fees and for a certificate of probable cause. On February 7, 1996, the Oklahoma Court of Criminal Appeals affirmed Vann's conviction and sentence. We grant Vann's motions simply in order to reach the merits.

On appeal, Vann contends that his fifth and fourteenth amendment rights were violated when the Osage County District Court relied on a Texas conviction which was 10 years old to convict him as a felon in possession of a firearm after former conviction of a felony. He also alleged former jeopardy based on the Texas conviction.

We review the sufficiency of a complaint/petition de novo, and will uphold a dismissal when it appears that the petitioner can prove no set of facts in support of his claims that would entitle him to relief. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995).

"There is no automatic right to appeal a district court's

order denying federal habeas corpus relief." <u>Smith v. Secretary Department of Corrections</u>, 50 F.3d 801, 820 (10th Cir. 1995), <u>cert</u>. <u>denied</u>, ___U.S.___ (1995). "By enacting § 2253 [28 U.S.C.], Congress authorized a conditional right to appeal conditioned upon the habeas petitioner first obtaining a certificate of probable cause." <u>Id</u>. A habeas petitioner is entitled to a certificate of probable cause only upon "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve them differently, or that the questions deserve further proceedings." <u>Gallagher v. Hannigan</u>, 24 F.3d 68 (10th Cir. 1994) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880 (1983).

"A threshold question that must be addressed in every habeas case is that of exhaustion." <u>Harris v. Champion</u>, 15 F.3d 1538, 1554 (10th Cir. 1994). Federal habeas relief is not available to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). "The burden of showing exhaustion of state remedies in accordance with the statute rests on the petitioner seeking federal habeas relief." <u>Bond v. State of Oklahoma</u>, 546 F.2d 1369 (10th Cir. 1976).

We **AFFIRM** for substantially the reasons set forth in the

- 4 -

district court's Order of dismissal, without prejudice, dated October 24, 1995.

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge