**UNITED STATES COURT OF APPEALS**
**Filed 7/5/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ALL MONIES FROM ACCOUNT NO.
PO-204, 675.0, FORMERLY HELD AT
THE SWISS BANK CORPORATION OF
ZURICH, SWITZERLAND; AND
ACCOUNT NO. 01327947-001.1.840,
FORMERLY HELD AT THE BANK
VON ERNST UND CIE, PREVIOUSLY
WPE WIRTSCHAFTSUND
PRIVATBANK, ZURICH, SWITZER-
LAND, IN THE NAMES OF SOMA-
TERIA FOUNDATION AND FINAN-
CIERA EURO-AMERICANA CORP.,

     Defendants,

and

SOMATERIA FOUNDATION,
FINANCIERA EURO-AMERICANA
CORP., DAYRA MARIA LEVOYER
JIMENEZ, and JORGE HUGO REYES-
TORRES,

     Claimants-Appellants.

No. 95-1095
(D.C. No. 93-C-1652)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

Before **BRORBY, Circuit Judge, McWILLIAMS, Senior Circuit Judge**, and **LUCERO, Circuit Judge.**

This is an appeal from an order of the district court denying defendants' motion to set aside an entry of default and a default judgment in a civil forfeiture proceeding. We reverse.

The United States filed the present civil forfeiture proceeding in the United States District Court for the District of Colorado on August 4, 1993. In its verified complaint the United States alleged that monies in two defendant bank accounts were proceeds of drug trafficking and money laundering activities conducted by one Jorge Hugo Reyes Torres and the "Reyes Family" of Ecuador. No claim or answer was filed within the time allowed by law, and on September 14, 1993, the United States filed a Motion for Default Judgment and Final Order of Forfeiture. On October 21, 1993, the district court granted the Motion for Default Judgment, and on October 25, 1993, entered a Default Judgment and Final Order of Forfeiture. The total amount forfeited was $11,499,068.34.

On October 21, 1994--361 days after the entry of Default Judgment and Final Order of Forfeiture--the claimants, some of whom were named defendants, filed a Motion to Set Aside Entry of Default and Default Judgment, seeking relief under Fed. R. Civ. P. 60(b)(1), 60(b)(3), 60(b)(4) and 55(c). The district court then ordered the United States to respond to the Motion to Set Aside on or before November 7, 1994. The United States

thereafter sought, and obtained, an extension of time until December 1, 1994, to respond to the motion. Such response was filed on December 1, 1994. In its response the United States alleged, *inter alia*, that the Motion to Set Aside was not filed within a "reasonable time," as required by Fed. R. Civ. P. 60(b), because sometime prior to the filing of the motion, the office of the United States Attorney in Denver, Colorado, had been contacted by agents and attorneys who indicated they were representing Reyes Torres and his family, claimants herein, and that Reyes Torres and the other claimants thereafter did nothing until virtually the last day.

On December 12, 1994, the claimants filed a motion for leave to file a reply brief to the government's response to the Motion to Set Aside and for an extension of time, or, in the alternative, a request for a hearing. The claimants alleged, *inter alia,* that the "Claimants should be permitted to reply to the Government's allegations and explain to the Court why the attorneys who contacted the Government did not file a motion [to set aside] sooner." The government filed an objection thereto.

On December 14, 1994, the district court in a three-page order denied claimants' Motion to Set Aside. In its order the district court noted that the United States had filed a response in opposition to the Motion to Set Aside and indicated that the "issues had been fully briefed and [that] oral argument would not materially facilitate the decision process." Whether the district court knew of claimants' pending motion to file a reply brief to the government's response is not known. We assume the district court did not

know of the motion for leave to file a reply brief since it made no mention of any such motion. We do know that claimants' motion to file a reply brief to the government's response to the Motion to Set Aside was never ruled on by the district court.

In its order denying the claimants' Motion to Set Aside, the district court held that the motion was not filed within a reasonable time after entry of the Default Judgment. In thus holding, the district court spoke as follows:

> Plaintiff has presented evidence, however, that it has been contacted by numerous attorneys and agents acting on the claimants' behalf with respect to forfeiture of the funds. Thus, I find that the claimants were not justified in waiting nearly a year before challenging the entry of default and default judgment, and conclude that their motion was not filed timely as required by Fed. R. Civ. P. 60(b).

The claimants thereafter filed a motion to reconsider in which they alleged, *inter alia,* that the district court should have allowed them to file a reply brief to the government's response to claimants' Motion to Set Aside and indicated that if allowed to file a reply they would challenge "the very allegation in the Government's Response that the Court relied on in denying Claimants' Motion [to set aside] . . . ." The motion to reconsider was denied on December 27, 1994, without comment, by minute order.

As indicated in its response to the claimants' Motion to Set Aside the default judgment, the government stated that, months prior to the filing of the Motion to Set Aside, the United States Attorney's office in Denver, Colorado had, on more than one occasion, been contacted by persons stating that they were representing the claimants in

- 4 -

the civil forfeiture proceeding, and that the claimants did not thereafter file their Motion to Set Aside within a "reasonable time." In denying the Motion to Set Aside, the district court stated, in so many words, that it relied on such representations in the government's response.

It would appear to us that the district court at the time it denied the Motion to Set Aside was not aware that the claimants sought to controvert, or at least explain, the representations of the government in its response to the Motion to Set Aside and asked leave to file a reply brief to the government's response. It is true that in their motion to reconsider, the claimants relied, in part, on their earlier motion for leave to file a reply brief to the government's response. The district court, however, simply denied the motion to reconsider, without mention of the fact that there was an outstanding motion for leave to file a reply brief to the government's response.

Be that as it may, we think that better practice requires that the district court rule on the claimants' motion to file a reply brief to the government's response to claimants' Motion to Set Aside before ruling on the merits of the Motion to Set Aside. If the motion be granted, and a reply brief is filed, the government's assertions in its response that persons representing the claimants had contacted the United States Attorney's office long prior to the date when the Motion to Set Aside was actually filed, might well be explained, if not disputed. The property seized in the proceeding is something more than *de minimus,* and we think there should have been a more detailed hearing on the matter.

We note, incidentally, that Reyes Torres and his wife were at all times pertinent incarcerated in prison in Ecuador, their native country.

In sum, the district court denied the motion to vacate on grounds set forth in the government's response which claimants by their motion to file a reply brief sought to dispute or explain, which motion was never ruled on.

Judgment reversed and case remanded with direction that the district court, after hearing, consider, and rule on, claimants' motion to file a  reply brief before ruling on the motion to set aside.

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge

**95-1095, <u>United States v. All Monies in Account No. PO-204,675.0</u> (Lucero, J., dissenting)**

We review the denial of a Rule 60(b) motion for abuse of discretion.  <u>White v. American Airlines</u>, 915 F.2d 1414, 1425 (10th Cir. 1990).  Because I see no abuse of discretion in the way the district court handled the motion to file a reply brief or in its ultimate decision that claimants' motion under Fed. R. Civ. P. 60(b) was untimely, I respectfully dissent.

Claimants were not deprived of any process to which they were entitled: neither the Federal Rules of Civil Procedure nor the Local Rules for the District of Colorado provide for a reply brief to be filed in the context of Fed. R. Civ. P. 60(b).  Because claimants did not tender a reply brief along with their motion, the district court had no way to evaluate whether allowing such a brief to be filed would serve the ends of justice or merely increase delay.  The district court's statement, in its order denying the Rule 60(b) motion, that the case was "fully briefed," indicates that the court did not feel that additional briefing would assist in its resolution of this matter.  This was well within its discretion.  Even if it were not, any procedural error here would be harmless.

The burden is on the claimants to justify their delay in filing the Rule 60(b) motion.  <u>See</u> <u>White</u>, 915 F.2d at 1425.  Claimants failed to meet that burden in their opening brief.  On that basis alone, the district court's ruling is appropriate.  The district court was eventually made aware of the matters claimants wished to raise in their reply brief in claimants' motion to reconsider the denial of the Rule 60(b) motion, which

- 1 -

included affidavits of two attorneys and a private individual, describing their contacts with the United States Attorney regarding this case. Although the district court did not specifically refer to these affidavits in denying the Motion to Reconsider, we must presume that the court read and considered the information contained therein. Whatever ambiguity may have remained regarding the request to file a reply brief was effectively resolved by denial of the motion for reconsideration. There is nothing before us upon which I would conclude that denial of the motion to reconsider was an abuse of discretion. I would affirm.