UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 7/8/96**

ROBERT S. TREFF,

      Plaintiff-Appellant,

v.

M. ELDON BARNES, Warden, Utah
State Prison; JOHN STONE, Case
Worker, Insight Program; MIKE
ZETTERQUIST, Insight Program
Lieutenant; WAYNE JORGENSON,
Insight Program Captain,

      Defendants-Appellees.

No. 95-4013
(D.C. No. 90-CV-771)
(D. Utah)

ORDER AND JUDGMENT*

Before KELLY, BARRETT, and HENRY, Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff, Robert S. Treff, appearing pro se here and in the district court, appeals the summary judgment entered in favor of defendants on his claims that he was denied entrance into the Insight Program (the Program), a special program within the prison, because he is Jewish and he had filed lawsuits against prison officials. He does not challenge the dismissal of defendant Barnes from the lawsuit, and he has abandoned his challenge to the district court's finding that he does not suffer from a serious mental illness. We do not address Mr. Treff's appellate arguments pertaining to judicial bias, overpayment of the filing fee, or the prison's procedures to determine which prisoners need mental health treatment, because he did not raise those issues in the district court. See Rademacher v. Colorado Ass'n of Soil Conservation Dists. Medical Benefits Plan, 11 F.3d 1567, 1571 (10th Cir. 1993)(issues not argued to the district court will not be considered on appeal).

The district court adopted the magistrate judge's recommendation to grant a partial summary judgment on all claims except those based on religion and retaliation. Summary judgment on the remaining claims was granted subsequently, and it is from the final order that plaintiff appeals.

We review the grant of summary judgment de novo, applying the same standard as the

district court. <u>Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.</u>, 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." <u>Russillo v. Scarborough</u>, 935 F.2d 1167, 1170 (10th Cir. 1991). We view the record in the light most favorable to the nonmoving party. <u>Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.</u>, 938 F.2d 1105, 1110 (10th Cir. 1991). We may affirm the district court's judgment for reasons other than those relied on by the district court. <u>Swoboda v. Dubach</u>, 992 F.2d 286, 291 (10th Cir. 1993).

Plaintiff was admitted to the Program in December 1990. He claims he should have been admitted earlier, but was not, because of his religion and prior litigation. Plaintiff alleges that other inmates were admitted to the Program, even though they did not qualify under the rules invoked to reject his applications. He does not dispute defendants' statement that the decision to accept an inmate into the Program was made collectively by various prison officials.

"Personal participation is an essential allegation in a § 1983 claim." <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996). Failure to allege that a governmental official was personally involved in violating a plaintiff's constitutional rights is fatal to a § 1983 claim. <u>Id.</u> Here, plaintiff's affidavits are inadequate to allege that defendants were personally involved in any unconstitutional acts against him. <u>See Anderson v. Liberty</u>

3

Lobby, Inc., 477 U.S. 242, 251 (1986)(scintilla of evidence inadequate to withstand summary judgment).

The only allegation specific to any of these defendants pertains to defendant Stone. Plaintiff claims Mr. Stone told him that he would have been admitted sooner but for his religion and litigiousness. This allegation is insufficient to defeat summary judgment because plaintiff failed to demonstrate that the statement, even if true, reflected the judgment of those who decided what inmates would be admitted to the Program. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(summary judgment appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case"). Accordingly, summary judgment in favor of defendants was appropriate.

The judgment of the United States District Court for the District of Utah is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge

4