**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

Filed 7/10/96

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. ) No. 95-5227
) (D.C. No. 93-CR-37-C)
JOHN DAVID BARRETT, ) (N.D. Oklahoma)
)
    Defendant-Appellant. )

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

In July 1991, John David Barrett was sentenced to eignteen months imprisonment and three years supervised release for mail fraud as part of a scheme to divert oil and gas royalty payments from his employer into a personal account, in violation of 18 U.S.C. § 1341. *United States v. Barrett*, W.D. Okla. No. CR-91-057-A.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

While on supervised release, Mr. Barrett was indicted for and later pled guilty to four counts of uttering a forged instrument in violation of 18 U.S.C. § 513(a), which charges arose from yet another scheme to embezzle money from his employer. For the latter conviction, Mr. Barrett received four concurrent sentences of fifteen months and was ordered to pay restitution in the amount of $3,717.20. He now challenges his sentence. We grant the United States' motion to supplement the record and affirm Mr. Barrett's sentence.

First, Mr. Barrett contends the district court erred when it denied his request for a copy of the sentencing recommendation of the United States Probation Department. Even if we assume for the sake of discussion the district court's decision amounted to a technical violation of Fed. R. Crim. P. 32, Mr. Barrett is not entitled to resentencing. He has made no attempt to demonstrate how the asserted error prejudiced him and we see no basis for such a contention. It is well established that "[w]e will remand for resentencing ... only if defendant suffered prejudice as a result of the Rule 32 violation." *United States v. Archer*, 70 F.3d 1149, 1151 (10th Cir. 1995) (citing *United States v. Rangel-Arreola*, 991 F.2d 1519, 1526 (10th Cir. 1993)).

Second, Mr. Barrett contends the district court erred when it calculated his offense level under USSG §2F1.1(b)(1)(E) on the basis of the "intended loss" resulting from his crimes, i.e., the $20,000 plus he actually appropriated from his employer, rather than the "actual loss" to his employer, i.e., the total amount he appropriated less the $16,000 he repaid before entering his guilty plea. We reject Mr. Barrett's contention. USSG §2F1.1, comment. (n.7), directs the sentencing court to use the method for valuation of loss prescribed under USSG §2B1.1. Under USSG §2B1.1,

2

comment. (n.2), "'[l]oss' means the value of the property taken, damaged, or destroyed" and states, by way of example, that "[i]n the case of a theft of a check or money order, the loss is the loss that would have occurred if the check or money order had been cashed." Mr. Barrett has admitted he actually appropriated over $20,000 as part of his scheme. During the plea colloquy, he responded "yes" when the district court asked him whether he agreed with the government's position "the losses resulting from the total charged and uncharged criminal conduct does not exceed $20,617.10," and defense counsel also stated "[j]ust to clarify ... the losses were $20,617.10, and the defendant has repaid approximately $16,000, so it would be $3,717.20, that remains that would be the restitution amount." The mere fact he later repaid a portion of this amount, though relevant to issues such as acceptance of responsibility and the amount of restitution, does not erase the fact his criminal activity caused his victim to suffer a loss of over $20,000 before his change of heart.

Finally, Mr. Barrett notes District Judge Terry C. Kern presided at his change of plea hearing, but that District Judge H. Dale Cook presided at his sentencing hearing, and contends it was error for Judge Kern to transfer the case to Judge Cook for sentencing. We consider this contention to be specious.

**AFFIRMED.**

**Entered for the Court:**

**WADE BRORBY**
**United States Circuit Judge**

3