**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 19 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONALD E. VEATCH,

Defendant-Appellant.

No. 00-6059
(D.C. No. CIV-98-1247-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **EBEL** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

Petitioner Ronald E. Veatch, a federal inmate appearing pro se, requests a certificate of appealability (COA) seeking to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Mr. Veatch was prosecuted for operating a telemarketing business which defrauded a federally insured financial institution. He was found guilty in September 1994, after a jury trial, of fraud and making false statements to a federally insured financial institution, conspiracy to commit bank fraud, bank fraud, fraudulent use of a social security number, and money laundering. He was sentenced to 168 months' imprisonment. Mr. Veatch appealed his conviction. This court affirmed his conviction on July 19, 1996. *United States v. Sealander*, Nos. 95-6002, 95-6017, 95-6018, 1996 WL 408368 (10th Cir. Jul. 19, 1996). Mr. Veatch filed a petition for certiorari to the Supreme Court, which was denied on March 24, 1997. *Veatch v. United States,* 520 U.S. 1149 (1997). He also filed a petition for rehearing, which was denied by the Supreme Court on September 12, 1997. *Veatch v. United States*, 521 U.S. 1144 (1997).

II.

On September 9, 1998, Mr. Veatch filed an unsigned, two page motion seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He simultaneously filed a motion seeking to recuse District Court Judge Cauthron

from hearing his case and a motion seeking extensive discovery based on his allegations that Judge Cauthron was biased. Because Mr. Veatch's § 2255 motion lacked an original signature as required by Federal Rule of Civil Procedure 11(a) (requiring signed pleadings and motions), the district court ordered his § 2255 motion stricken from the record and ruled it was of no legal consequence. The district court also ordered Mr. Veatch's recusal and discovery motions stricken. Mr. Veatch then filed a notice of appeal from these orders.

While his notice of appeal was pending, Mr. Veatch filed a completely new and detailed § 2255 motion on October 9, 1998. R. Doc. 556. He also refiled his motion to recuse Judge Cauthron and a related discovery motion. The government responded to Mr. Veatch's § 2255 motion on November 9, 1998. Mr. Veatch continued to file notices of appeal from various interlocutory district court orders. On January 4, 2000, this court dismissed Mr. Veatch's interlocutory appeals for lack of any final appealable order.

The district court then denied Mr. Veatch's October 9, 1998 § 2255 motion. It correctly concluded that all but one of the issues raised in his motion either had been or could have been raised on direct appeal. [1] *See United States v. Prichard*,

---

[1] Specifically, the following claims raised by Mr. Veatch in his § 2255 motion were raised on direct appeal and rejected by this Court: (1) the trial court abused its discretion with respect to its rulings on his competency, the appointment of counsel, denial of a law library, failure to recuse, appointment of

(continued...)

875 F.2d 789, 791 (10th Cir. 1989) (holding that issues previously considered and disposed of on direct appeal will not be reconsidered in a § 2255 petition in the absence of an intervening change in the law); and *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (holding that court may not consider issues in a § 2255 motion that could have been raised on direct appeal unless defendant can show cause and prejudice resulting from the error). It also correctly ruled that Mr. Veatch's remaining claim--failure to provide a materiality instruction to the jury under *United States v. Gaudin*, 515 U.S. 506 (1995)--was not relevant to his conviction. *Gaudin* holds that any question of materiality under 18 U.S.C. § 1001

---

[1](...continued)
incompetent counsel, and acceptance of bribes; (2) he received ineffective assistance of counsel; (3) the prosecutor schemed to deny him a speedy and fair trial; (4) he was subjected to pretrial oppression; (5) he was not allowed to subpoena witnesses in order to dispute his presentence report; (6) the federal court lacked jurisdiction and venue; (7) he was subjected to an illegal search, seizure and arrest; (8) Congress lacks power to pass criminal laws; (9) the laws he was convicted of violating are unconstitutional; (10) the police and prosecutors relied on paid informants; (11) the trial judge erred in not allowing him additional time for closing argument; (12) the trial judge intimidated him; (13) the trial judge abused her discretion under Fed. R. Civ. P. 12(e); and (14) his bank fraud conviction is multiplicitous of his money laundering conviction. The following claims raised by Mr. Veatch in his § 2255 motion could have been raised on direct appeal, and Mr. Veatch failed to show cause and prejudice resulting from the claimed error: (1) it is unconstitutional to allow the prosecutor to give the final closing argument; (2) the trial judge failed to rule on his requested jury instructions; and (3) the trial judge refused to allow him to contact jurors. We note that we are unable to identify and describe the claims in Mr. Veatch's motion with certainty because it contains numerous incomprehensible and disjointed claims and allegations.

must be submitted to the jury. *Id*. at 523. In this case, Mr. Veatch was convicted under 18 U.S.C. § 1014, making false statement to federally insured bank, and materiality of falsehood is not element of this offense. *United States v. Wells*, 519 U.S. 482, 489-92 (1997).

In order to receive a COA, a § 2255 movant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, although we are satisfied from our review of the record that the district court correctly denied Mr. Veatch's motion on the merits, a more fundamental deficiency supports the denial of the motion. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which applies to Mr. Veatch's motion, establishes a one-year time period from the date on which the judgment of conviction became final to file a motion to vacate, set aside, or correct sentences under § 2255.

"[A]bsent an actual suspension of an order denying certiorari by the [Supreme] Court or a Justice, a judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed." *United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000). As a result, Mr. Veatch was required to file his § 2255 motion before March 24, 1998, one year after the

Supreme Court denied certiorari review of his direct appeal. Mr. Veatch did not meet this deadline. He filed his initial, though ultimately stricken, § 2255 motion on September 9, 1998, and his proper § 2255 motion even later, on October 9, 1998, more than one year and six months after the Supreme Court denied certiorari.

Accordingly, Mr. Veatch's § 2255 motion is time-barred, and his application for COA is DENIED and the appeal is DISMISSED. All outstanding motions are denied. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge