51 F.3d 287
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas J. GIESEKE, Defendant-Appellant.
 No. 93-3273.
(D.C. No. 93-40007-01-DES)
 United States Court of Appeals, Tenth Circuit.
 April 3, 1995.
 
 Before BALDOCK and BRORBY, Circuit Judges, and McWILLIAMS, Senior Circuit Judge.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Defendant Thomas J. Gieseke appeals the district court's interpretation and application of various provisions of the Sentencing Guidelines which were relied upon in upwardly departing from his otherwise applicable guideline range. Our jurisdiction arises under 28 U.S.C. 1291 and 18 U.S.C. 3742(a), and, based on our disposition in the companion case of United States v. Okane, --- F.3d ---- (10th Cir.1995), we vacate the sentence imposed and remand for resentencing.[1]
 
 
 3
 The legal issues presented in Okane regarding the propriety of the district court's decision to depart upward are identical to the issues presented in this appeal, and we find that decision controls for purposes of resentencing. In so holding, we express no opinion on whether the district court should or should not upwardly depart at resentencing. We merely hold that if it chooses to so depart, it should conform to the mandate in Okane.
 
 
 4
 The case is REMANDED to the district court with the instructions to VACATE Mr. Gieseke's sentence and to resentence in a manner not inconsistent with this order and judgment.
 
 
 5
 McWILLIAMS, Judge, concurs in the result.
 
 
 6
 I agree that Gieseke's sentence should be vacated and that he be resentenced. However, I am of the firm view that the Sentencing Guidelines do not contemplate that where, as here, a district court, under 18 U.S.C. 3553(b) and Sentencing Guideline 5K2.0, decides to make an upward departure from a guideline range established by a prior determination of a defendant's base offense level and criminal history category, that the district court may, in making such upward departure, go back, so to speak, and raise the defendant's base offense level, or his criminal history category, or both, and then arrive at a second and "brand new" guideline range dramatically in excess of the original guideline range. The district court should simply depart upward from the guideline range, as established, and give its reasons therefor.
 
 
 7
 Sentencing Guideline 5K2.3 provides that if a victim suffers psychological injury much more serious than that normally resulting from the commission of the offense, the district court "may increase the sentence above the authorized guideline range." That guideline, in my view, by its own terms simply authorizes a district court, if it finds "serious psychological injury," to "increase the sentence above the authorized guideline range," but does not authorize a district court to factor the "serious psychological injury" into a recalculation of the base offense level and then come up with a second and "brand new" guideline range, much in excess of the original guideline range.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Gieseke was charged along with codefendants Robert Okane, Walter Okane and William L. Blacketer. Gieseke, along with Robert Okane and Blacketer, appealed their sentences, while Walter Okane did not. Okane and Blacketer's appeals, Nos. 93-3277 and 93-3283, respectively, were disposed of in a published opinion and an unpublished order and judgment, respectively, filed this date