# UNITED STATES COURT OF APPEALS

**Filed 7/11/96**

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA )
                                 )
      Plaintiff-Appellee, )
                                 )
  v. )             No. 95-3176
                                 )  (D.C. No. 93-40007-01-DES)
THOMAS J. GIESEKE, )         (D. Kansas)
                                 )
      Defendant-Appellant. )


UNITED STATES OF AMERICA, )
                                 )
      Plaintiff-Appellee, )
                                 )
  v. )             No. 95-3188
                                 )  (D.C. No. 93-CR-40007-01)
ROBERT DEE OKANE, )         (D. Kansas)
                                 )
      Defendant-Appellant. )


UNITED STATES OF AMERICA, )
                                 )
      Plaintiff-Appellee, )
                                 )
  v. )             No. 95-3220
                                 )  (D.C. No. 93-CR-40007-3)
WILLIAM LEE BLACKETER, )         (D. Kansas)
                                 )
      Defendant-Appellant. )

**ORDER AND JUDGMENT***

Before **ANDERSON, BARRETT** and **LOGAN**, Circuit Judges.

After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Defendants Thomas J. Gieseke, Robert Dee Okane, and William Lee Blacketer all pleaded guilty to multiple counts of bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a) and (d). At sentencing, the district court departed upward and all three appealed. We remanded for resentencing Okane because the district court erred in increasing his offense level rather than his criminal history category for prior uncharged conduct; the record did not support an upward departure for extreme psychological injury, see USSG § 5K2.3; and the district court provided an insufficient explanation to evaluate the reasonableness of the departure for uncharged conduct, see USSG § 4A1.3(e). United

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

States v. Okane, 52 F.3d 828 (10th Cir. 1995). We remanded the sentences of Blacketer and Gieseke based on the disposition in Okane. United States v. Blacketer, 51 F.3d 286 (10th Cir. 1995) (Table), 1995 WL 146100; United States v. Gieseke, 51 F.3d 287 (10th Cir. 1995) (Table), 1995 WL 146124.

All three again appealed following resentencing. Each defendant raises arguments addressing upward departures in their criminal history categories.

We have no problem affirming the sentence given defendant Okane on remand. The district court again departed upward to impose the same 262-month sentence it levied initially. Okane pleaded guilty to ten counts of armed robbery and two counts of using a firearm in connection with a crime of violence. This time the district court increased the offense level by only one, from 34 to 35, because of the additional units associated with the robberies for which Okane was convicted beyond the maximum of five under USSG § 3D1.4 multi-count grouping rules. We had approved a one-level increase in the earlier appeal. The district court raised Okane's criminal history two levels from Category I to III based upon thirteen uncharged bank robberies; the court also referred to charges related to stolen cars obtained to accomplish some of the robberies, Okane's robbery of some banks more than once, and the use of duct tape to bind a victim. The court dis-avowed any reliance on psychological injury to bank employees and customers, which this court had found an improper basis for departure in the earlier appeal. The court's explanation satisfies our remand order and justifies the method and degree of departure

3

under the tests set forth in United States v. White, 893 F.2d 276 (10th Cir. 1990), and our later cases.

Gieseke pleaded guilty to four armed bank robberies and one attempted armed robbery and admitted involvement in two other armed robberies. The presentence report (PSR) calculated an adjusted offense level of 32 and a criminal history of Category I. In resentencing the district court added seven criminal history points, raising defendant Gieseke's criminal history category to IV. This increased his guideline range from 121-151 months to 168-210 months. Originally and on remand the district court imposed a 210-month sentence.

Blacketer pleaded guilty to three armed robberies and admitted responsibility in a fourth attempted armed robbery. The PSR calculated an adjusted offense level of 31 and a criminal history (using four criminal history points) as Category III. On resentencing the district court added three points to Blacketer's criminal history score, raising it to Category IV. The adjusted offense level of 31 placed Blacketer at a guideline range of 151-188 months. The district court then imposed a 180-month sentence.

On remand the district court followed the edict of this court in the Okane case by increasing the criminal history category for the crimes Gieseke committed rather than increasing the offense level. It added to the criminal history category under USSG § 4A1.3(e) for "two uncharged bank robberies and the numerous car thefts, including one car jacking at gunpoint," II R. doc. 181 at 5, which the court believed would have added

seven criminal history points. The court also referenced defendant's use of duct tape to bind a victim in one robbery, and the fact the three robbers carried guns and duct tape in other robberies.

In sentencing Blacketer on remand the district court added one level to his criminal history category based upon "the one additional uncharged bank robbery and the car thefts to include one car-jacking at gunpoint perpetrated by this defendant and Thomas Gieseke." IV R. doc. 191 at 6. It recited that a conviction on the uncharged robbery would have added enough criminal history points to put Blacketer at Category IV without considering the car thefts and car-jacking.

In sentencing both Gieseke and Blacketer the court mentioned that several banks were robbed more than once, that large amounts of money were taken, and that robberies were committed over an extended period of time. These were apparent references to robberies by codefendant Okane, as these two defendants were not shown to have participated in robbing any bank more than once. Gieseke's crimes occurred between September 18, 1992, and February 16, 1993; Blacketer's between January 16, 1993, and February 16, 1993. Also, though the court mentioned psychological harm to bank employees, customers and victims of car-jackings, which it apparently had relied on in first sentencing these defendants, it denied any reliance on psychological harm in the resentencing.

The sentences the court imposed were very substantial, but we must hold that the district court adequately explained the basis for its upward departures. The court made misstatements during the resentencing of these defendants but may have been relying upon their joining Okane who had already committed a series of bank robberies of which they must have had knowledge. Joinder and participation with that knowledge could justify an upward departure, we believe. Despite minor misstatements during resentencing Gieseke and Blacketer, we hold the court justified its sentences within the contemplation of the Sentencing Guidelines for departures. The Supreme Court has said recently that when a district court based a departure on both valid and invalid grounds a remand is not required if "it determines the district court would have imposed the same sentence absent reliance on the invalid factors." Koon v. United States, 64 U.S.L.W. 4512, 4521 (U.S. June 13, 1996). Here since the court gave the same sentence on remand as it did originally, we are convinced it would do so again if we remanded once more.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge

6